[Civil No. 3000. Filed June 16, 1931.]

[300 Pac. 181.]

W. H. McGIRK, Appellant, v. SEVENTY-SIX CATTLE COMPANY, a Corporation, Appellee.

Mr. B. H. Gibbs, for Appellant.

Mr. J. Verne Pace and Mr. Jesse A. Udall, for Appellee.

ROSS, J.—It appears that the Seventy-Six Cattle Company and W. H. McGirk, residents of Graham county, both made application, under section 2965 of the Revised Code of 1928, to the state land department to lease the same state lands. After an investigation and hearing by the state land commissioner and the state land department, it was decided the Seventy-Six Cattle Company had the best right to the lease and accordingly its application was approved.

This decision was made and entered by the state land department on March 23, 1928. Thereafter, on April 2, 1928, McGirk gave notice of appeal from such decision to the superior court of Graham county, and served such notice upon the cattle company and the state land department, as required by statute. Section 2966, Id.

On September 21, 1929, the clerk of the superior court of Graham county received from the state land commissioner, a transcript of the proceedings before the state land department pertaining to the conflicting claims for the lease by the Seventy-Six Cattle Company and McGirk, and on that day marked such transcript with his receipt stamp. On October 1st the clerk wrote to McGirk stating that he had received the transcript and the same would be filed upon receipt of the filing fee. The filing fee was not paid to the clerk until December 16, 1929.

On the date set for the trial, to wit, April 10, 1930, the cattle company filed a motion in the superior court to dismiss the appeal, on the ground and for the reason that McGirk had not paid the clerk the fee required by law within fifteen days after notice from the clerk that the transcript from the land department had been received at the clerk's office, and the motion was granted and the appeal dismissed. The appeal is from the order of dismissal.

On the hearing of the motion to dismiss, the court took the testimony of the clerk of the court and also of appellant in explanation of the delay in the payment of the filing fee. It appears therefrom that no one was able to say what, if any, fee should be paid. It was contended by appellant's attorney that the law did not require the payment of a filing fee, and the clerk did not know if he was right, nor was the county attorney, whom he consulted, sure as to what the law was. In this uncertain situation the matter was

referred to the Attorney General and some time in November, 1929, one of the assistants from that office verbally advised the clerk that the law required the payment of a filing fee. Some time after the clerk's letter of October 1st, notifying appellant that he had the transcript and that he would file it upon payment of the fee, McGirk appeared at the clerk's office and offered to pay the fee. The clerk advised him that he did not know what the fee was but that he had filed the transcript; that when he learned what the fee was he would notify him.

The filing mark on the transcript bears the date of September 21, 1929, but the clerk stated that it was not filed as a matter of fact until a little while after its receipt.

When McGirk first appeared at the clerk's office and offered to pay the fees, the clerk testified he said to McGirk and his companions: "I said all right, that the papers had been filed and that I would expect them to see that the fees were paid and they said they would." Again he said: "I said that I was filing these papers with the understanding that if any fees were required that they would see they were paid."

As above stated, the appellant contends that the law does not require any filing fee to be paid to the clerk in this kind of a proceeding. In support of this contention he refers to sections 2966 and 2962, Revised Code of 1928. No mention of fees is made in these sections. Thereunder it is made the duty of the state land commissioner to prepare the transcript "and transmit the same to the clerk of the proper superior court, who shall docket the appeal in the name of the appellant as plaintiff, and appellee as defendant, and said appeal shall then stand for trial." Section 2962. If these sections stood alone, we think the appellant's contention would certainly be right.

However, section 3692 of the Revised Code provides that when a right of appeal is given from an officer, board, or commission, and the manner of taking it is not prescribed, the procedure and laws governing in taking appeals from justice courts shall apply. It was held by us in *Davis* v. *Campbell,* 24 Ariz. 77, 206 Pac. 1078, that the laws governing an appeal from the state land department were under such statute the same as those providing for an appeal from the justice court. The law relating to the duty of the clerk of a superior court as to filing papers on an appeal from the justice court is found in section 1471 of the Revised Code, reading as follows:

"Upon receipt of the transcript or papers on appeal from the court of a justice of the peace, the clerk of the superior court shall notify the appellant that such transcript or papers will be filed upon payment of the amount herein provided [see section 1468], and unless paid within fifteen days after the giving of such notice, the appeal shall be deemed abandoned, and the transcript and papers shall be returned to the justice of the peace, and the judgment may be enforced as if no appeal had been taken."

This statute is intended to aid or assist the clerk in collecting fees and costs. Under it the clerk is under no legal obligation to file transcript upon its receipt. He must hold it for fifteen days after notifying appellant it has arrived in his office. If within these fifteen days the clerk is paid the filing fee, he must file the transcript; if he does not receive the filing fee within fifteen days, he may treat the appeal as abandoned and return the transcript to the land department.

Section 1479 of the Revised Code provides that all costs are payable at the time of rendering service and allows the officer to refuse to perform any service (except in criminal cases) until fees are paid. This section also provides that, "Failure to collect the fee

shall not affect the validity of the act or service." It is quite clear that the clerk by filing the transcript, pending the determination as to whether fees should be charged or not, extended credit to the appellant for such fee and that "the act or service" (of filing) was as valid as if the fee had been paid at the time of the filing.

If the filing fee fixed by section 1468 of the Revised Code for an appellant to pay in an appeal from a justice court applies, and we think it does, still we believe that the facts here clearly show that the fee was paid by the extension of credit to appellant by the clerk and that therefore the appeal should not have been dismissed.

The cause is remanded, with instructions that the order of dismissal be vacated and the appeal reinstated, and that such further proceedings be had as may be advised.

McALISTER, C. J., and LOCKWOOD, J., concur.