Weygandt, C. J.
 

 The sole question actually presented by counsel is procedural. Was the defendant receiver required to file an appeal bond in the Municipal Court in order to perfect an appeal to the Court •of Common Pleas?
 

 The record in this case is so confused as to obscure the question the court is asked to consider. For example, counsel for the defendant receiver concedes that the appeal bond was ineffective since it was not filed within the ten-day period provided by Section 1579-310, General Code, relating to the Municipal Court of Toledo; but he states that he and the other ■defendant were in error in filing the bond because none was necessary so far as the receiver was concerned. However, a search of the record discloses that the bond was filed by the Midwest Haulers, Inc., alone and not by the receiver. Curiously, too, the search discloses further that the Municipal Court rendered judgment against the receiver alone and not against the Midwest Haulers, Inc. This presents the anomalous situation in which a bond was filed by one defendant against which no judgment was rendered, and none was filed by the other against whom a judgment was in fact entered. The case has been briefed and argued on the mistaken theory that a judgment was rendered against both defendants and that the bond was filed by both.
 
 *371
 
 Hence, the receiver is without an appeal bond in fact -as well as in law.
 

 And although the Municipal Court rendered no judgment against the Midwest Haulers, Inc., this company nevertheless appears as an appellant in this court and ■did so in the Court of Common Pleas and the Court •of Appeals.
 

 The remaining irregularities will not be enumerated.
 

 Whether the receiver was required to file an appeal •bond is a question that necessitates the analysis of two statutes. Section 1579-310, General Code, relating to the Municipal Court of Toledo reads in part as :follows:
 

 “The party appealing must, within ten days from dhe rendition of the judgment, enter into an undertaking to the adverse party with at least one good and •sufficient surety, a freeholder owning real property •situated in the county of Lucas, or a corporation authorized to execute surety bonds in this state, to be approved by the clerk in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs. * * V’
 

 Section 12223-12, General Code, contained the following provision:
 

 “Executors, administrators, guardians, receivers, trustees, trustees in bankrupty, and county treasurers, .acting in their respective trust capacities, who have given bond in this state, with surety according to law, and the state of Ohio or an officer thereof shall not be required to give the bond mentioned in General Code •Section 12223-9.”
 

 It is the contention of the plaintiffs that Sections 12223-9 and 12223-12 relate to appeals generally and therefore cannot prevail over the specific provisions of 'Section 1579-310. Reliance is placed upon the decision of this court in the case of
 
 Saslaw
 
 v.
 
 Weiss,
 
 133 Ohio St., 496, 14 N. E. (2d), 930, in the syllabus of which the following pronouncement was made:
 

 
 *372
 
 “Municipal court acts which prescribe a method of appeal on questions of law and fact to the Court of Common Pleas are exempt in such particular from the operation of the New Appellate Procedure Act (Section 12223-1
 
 et seq.,
 
 General Code).”
 

 It is of course true that that case involved the provisions of a municipal court act, but it did not involve a receivership. In attempting to determine which of the present two statutes is more specific it should be observed that while Section 1579-310 relates to but one court it is general as to appellants; and Section 12223-12 is specific with reference to appellant fiduciaries acting in their trust capacity — a subject upon which Section 1579-310 is silent. Hence, Section. 12223-12 must prevail as to appellants who come within the special and limited class of fiduciaries. A contrary theory would seriously jeopardize the validity of Section 1579-310, since the furnishing of an appeal bond by such a fiduciary would have the effect of automatically creating a preference in favor of the plaintiff creditor as against the remaining creditors. Likewise, such an interpretation would have the effect of requiring the fiduciary to give two bonds — the first to secure the faithful performance of all his duties while acting in that capacity, and the second to secure payment of the plaintiff creditor’s claim. There is nothing in these or cognate sections to indicate a legislative intent to produce such a result.
 

 Under these circumstances the defendant receiver was not required to furnish an appeal bond, and it was error for the Court of Common Pleas to dismiss the appeal for failure so to do. The judgment of the Court of Appeals affirming the dismissal must be reversed and the cause remanded to the Court of Common Pleas for consideration and decision of the substantive questions presented.
 

 Judgment reversed.
 

 Matthias, Hast and Bell, JJ., concur.