191 P.2d 724

**SLIGH et al. v. WATSON et ux.**

No. 5068.

Supreme Court of Arizona.

March 29, 1948.

Stanley W. Kimble, of Tucson, for appellants.

Bob Barber and Franklin E. Vaughan, both of Tucson, for appellees.

LA PRADE, Justice.

Plaintiffs below (appellants here) instituted their action for breach of contract and prayed for money damages in the sum of $1,000. Defendants (appellees) denied that they were indebted to plaintiffs on account of the matters complained of in the complaint, and prayed that plaintiffs take nothing thereby.

Both parties moved for summary judgment on the pleadings and on the affidavits filed in opposition to defendants' motion, which were presented and considered by the court, whereupon the court granted defendants' motion and decreed that they should have their costs. In view of the pleadings and proceedings had the granting of defendants' motion for summary judgment and costs was equivalent to a judgment that there be no recovery. Rules Civ.Proc., Rule 58, section 21-1230, A.C.A. 1939. This order for summary judgment and costs (that there be no recovery) was made on September 2, 1947, and entered by the clerk on the same day in the civil docket, as provided in Rule 79(a), section 21-1910, A.C.A.1939, and in the judgment docket, section 62-101, A.C.A.1939.

The clerk entered this notation in the civil docket without requiring defendants simultaneously to pay the fee in cash as required by section 34-110, A.C.A.1939. Defendants actually paid the fee in cash on September 26 (24 days after entry of judgment). Appellants filed their notice of appeal to this court on November 22, purporting to appeal from the judgment of the superior court entered September 26 (being the day the judgment fee was paid in cash).

The matter before us comes here on a motion to dismiss the appeal upon the ground that notice of appeal was not filed within the time prescribed by Rule 72, section 21-1801, which requires that the notice must be filed within sixty days from entry of the judgment.

Appellants contend that judgment was entered on September 26, citing Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625, and Fagerberg v. Denny, 57 Ariz. 188, 112 P.2d 581: while the movants insist that the clerk's notation in the civil docket of their motion for summary judgment constituted the entry of the judgment within the meaning of Rule 58, section 21-1230, which contention, if correct, means that this court is without jurisdiction other than to dismiss the appeal.

The uncontroverted affidavit of the clerk of the superior court of Pima County, offered in support of the motion to dismiss, furnishes the reason for the clerk's act in entering the judgment and for the delay in payment by cash of the judgment fee at the time of its entry. The apropos parts of the affidavit read as follows:

"Affiant further states that approximately One Hundred Thirty (130) lawyers practice in said Superior Court of Pima County; that it has been the practice in that Court for many years last past to charge the accounts of lawyers of reputable credit standing with the Court costs due from their clients each month and to advise such lawyers of the amounts due about five days before the end of each month.

"Affiant further states that approximately thirty-five lawyers practicing in Pima County have credit accounts in the office of the Affiant as such Clerk, which accounts are regularly paid before the end of each calendar month; that for eight years last past Bob Barber, who is attorney for the defendants in the case of Mildred Sligh dba Sligh Realty Company and her husband, Geoge Sligh, vs. S. I. Watson and Alta S. Watson, his wife, No. 27882 in the Superior Court of Pima County, has had such a credit account and has paid all fees accrued during each calendar month upon notification just prior to the end of such calendar month.

"That the said Bob Barber was notified of the fact that a judgment fee was due in said case No. 27882 on or about September 26, 1947, and that on said date he paid said judgment fee to this Affiant in the amount of $10.00, together with other fees also accrued during said calendar month of September, 1947, in the additional aggregate amount of $46.50."

The precise question before us then is: When was the judgment entered? The notice of appeal must be filed with the superior court within sixty days from the entry of the judgment; hence, it becomes a matter of utmost importance to the bench and bar of this state to know with absolute certainty when a judgment has been entered in order to avoid drastic consequences.

We believe that this court should be able to interpret its rules, in this respect at least, with such clarity that there will be no room for doubt and that certainty and definiteness will be established. From the effective date, January 1, 1940, of the existing Rules of Civil Procedure, uncertainty as to the date of entry of judgment has existed. This is demonstrated by the holdings of this court in the cases of Southwestern Freight Lines v. Shafer and Fagerberg v. Denny, supra. That the situation has entered the chaotic stage is demonstrated by the facts in the instant case. We do not believe that there is any ambiguity in the rules when all of them

are correctly and reasonably interpreted. The particular rules in question are:

"21-1230. Entry of judgment.—Judgment shall be entered when the court so directs. When the direction is that a party recover only money or costs, or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment. In cases of judgments for money or costs only, or that there be no recovery, the notation thereof in the civil docket, as provided by Rule 79(a) (§ 21-1910) constitutes the entry of such judgment, and in cases granting any other relief, filing with the clerk of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79(b) (§ 21-1911) constitutes the entry of such judgment, and in either case the judgment is not effective before such entry."

"21-1910. Civil docket.—The clerk shall keep a book known as a 'Civil Docket' of such form and style as may be prescribed by the Supreme Court, and shall enter therein each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The notation of an order or judgment shall show the date the notation is made. When in an action trial by jury has been properly demanded or ordered the clerk shall enter the word 'jury' on the folio assigned to that action."

"21-1911. Civil order book.—The clerk shall also keep a book for civil actions entitled 'Civil order book' in which shall be kept in the sequence of their making exact copies of all final judgments and orders, all orders affecting title to or lien upon real or personal property, all appealable orders and such other orders as the court may direct."

"34-110. Costs in superior court.— * * * On the entry of judgment in favor of the plaintiff he shall pay to said clerk an additional five dollars ($5.00), provided, however, that where the property or money value of any such judgment exceeds three thousand dollars ($3,000), said plaintiff shall pay an additional fee of five dollars ($5.00).

"On the entry of judgment in favor of the defendant, he shall pay to said clerk ten dollars ($10.00), provided, however, that where the property or money value of any

such judgment exceeds three thousand dollars ($3,000), said defendant shall pay an additional fee of five dollars ($5.00)."

"34-122. *Payable when services rendered—Effect of failure to collect.*—All costs shall be payable at the time when the service is rendered, except where otherwise provided by law, and any officer may refuse to perform any service in any action or proceeding, criminal proceedings excepted, until such fees are paid. *Failure to collect the fee shall not affect the validity of the act or service."* (Emphasis supplied.)

In the Shafer case, supra, the order for a money judgment was made on October 26 and entered on the same day in the civil docket. The judgment fee was not paid until October 29. The appeal was from the judgment entered on the 29th. Appellees moved to dismiss the appeal on the ground that there had been no judgment entered on the 29th. This court attempted to harmonize section 21-1230, relative to the duties of the clerk where the judgment is for money only, and the provisions of section 34-110, requiring a judgment fee to be paid, in this manner: " * * * We think, therefore, his action on October 26 should be construed as a direction to the clerk to enter judgment under section 21-1230, supra, for money only, and that upon the payment of the judgment fee it was the duty of the clerk to enter such judgment upon his civil docket and that the civil docket entries of October 26 and 29, when taken together and reasonably construed in the light of all of the rules applicable to the situation should be considered as an entry of judgment as of the latter date, under sections 21-1230 and 34-110, supra." [57 Ariz. 111, 111 P.2d 627.]

By the terms of section 19-204 (legislative enactment in effect prior to the effective date of the new rules) all statutes relating to pleading, practice, and procedure existing at the effective date of the act were deemed to be rules of court. At this time and on the effective date of the new rules there was on the statutes section 34-122, supra. This rule seems to answer completely the question before us. Had the court in the Shafer case had called to its attention or considered this particular rule in connection with its analysis of sections 21-1230 and 34-110, it most certainly would have concluded that the judgment was entered and effective on the 26th. By this section 34-122 all costs are payable at the time the service is rendered, and the officer is permitted to refuse to perform the service (criminal cases excepted) until the required fees are paid. The last line of the section is determinative of the point here under focus—*"Failure to collect the fee shall not affect the validity of the act or service."*

What was the "act or service" performed by the clerk in the instant case? Clearly it was the act of noting in the civil docket on September 2 that defendants' motion

for summary judgment had been granted that there be no recovery for plaintiff.

What is the duty of the clerk when the judgment is for money only or costs or that there be no recovery? He has five rules to consider.

1. Section 21-1230 directs him to enter the judgment forthwith in the civil docket.

2. Section 34-110 requires him to collect a judgment fee.

3. Section 34-122 authorizes him to refuse to enter the judgment "forthwith" until the filing fee is paid.

4. Section 21-1908 directs him to give notice by mail of the entry of the order or judgment.

5. Section 62-101 directs him at the time of entering judgment, directing in whole or in part the payment of money, to enter in a judgment docket an abstract of the judgment as in said section provided.

We encounter no difficulty in construing and harmonizing these first three rules. We therefore hold that where the judgment is for money only or costs or that there be no recovery a notation to that effect by the clerk in the civil docket *starts the time for appeal running*, and this regardless of whether the fee is paid or not. Such a holding is consonant with the rules and fixes a definite starting time, and is practicable in that counsel and interested parties do not have to search out the clerk's fee register (section 34-134), which is primarily kept for the due administration of the county's fiscal affairs. In any event the clerk's fee register should not be the place to search to determine when the last step necessary to make the judgment final has been entered.

The clerk's civil docket contains the following entry (not listed in chronological order as various papers were filed and orders made, but at the top of the page and preceding the first entry).

| | Fees | |
| --- | --- | --- |
| 1947 | | |
| September 26 | Judgment fee | $10.00 |

Under the rule of the Shafer case, being the law as announced by this court at the time the notice of appeal was filed, the judgment must be considered to have been entered on September 26, and consequently the notice of appeal was timely filed. Appellants should not be penalized for being unable to anticipate that the court as now constituted would overrule the Shafer and Fagerberg cases insofar as they proclaim the rule to be that the entry of judgment is effective from the date of payment of the judgment fee rather than from the date of entry of judgment in the civil docket. In the Shafer case the court assigned as the reason for issuing a written opinion on the motion that it was expressly made for the guidance of the bar and trial courts. Our considered opinion is that counsel and litigants are entitled to rely on these previous decisions until overruled, and that this appeal should not be

dismissed unless there is something further or additional to impel such a result.

Counsel for movants point out that the affidavit of the clerk establishes that Mr. Bob Barber, attorney for defendants, has a "credit account" with the clerk; that the judgment fee due the clerk for filing the judgment of defendants was charged to the account of Mr. Barber; that he was notified September 26 of his indebtedness to the clerk for filing fees; and that on said date he paid the clerk $46.50 accumulated filing fees in which was included the $10 charged to his account for the filing of the judgment herein involved. With these facts before us, movants call to our attention the holding of this court in McGirk v. Seventy-Six Cattle Co., 38 Ariz. 354, 300 P. 181, in which case it was held that where the clerk of the superior court filed a transcript from the State Land Department pending determination as to whether or not filing fees should be charged, he thereby extended credit to appellant for such fee, and that the act or service (of filing) was as valid as if the fee had been paid at the time of the filing (citing section 1479, R.C.A. 1928, now section 34-122). The court squarely held that the extension of credit was equivalent to payment. This ruling was not in the least disturbed by the holding in the Shafer case. Nevertheless, the decision in the Shafer case stated that the docket entries of October 26 and 29 "when taken together and reasonably construed in the light of all of the rules applicable to the

situation" constituted the entry of judgment, but, as pointed out, this decision did not take into consideration the rule stated in section 34-122, nor the holding in the McGirk case, which was in part predicated on the section. Undoubtedly the purpose of counsel for appellees in establishing a credit rating with the clerk was to bring himself within the purview of the holding in the McGirk case and thereby secure the services of the clerk upon a credit basis. We interpret section 34-122, supra, to mean that the failure of the clerk to collect any fees, whether occasioned by neglect, oversight, or purposely arranged on a credit basis, does not affect the validity of the act or service, once performed. But we have just indicated that appellants are not to be punished for want of clairoyance. They are chargeable with knowledge of the holding in the McGirk case to the effect that the giving of credit is equivalent to payment and under the holding in the Shafer case payment was considered to be the last act necessary to effect the entry of judgment. The question then is: Did the appellants have knowledge of the fact that counsel for defendants had a credit arrangement with the clerk of the court, and that the judgment had been entered and charged to the account of counsel for defendant? The affidavit of the clerk offered in support of the motion contains no allegation or statement that appellants or their counsel were aware of the fact that the judgment fee had been paid by the extension of credit, nor does the record otherwise indicate that

102

appellants or their counsel were aware of the fact that the fee had been paid by the extension of credit. The record is that the fee was paid September 26.

At this point we are constrained to observe that the extension of credit is not authorized by the rules or statutes and we do not condone or approve such practice on the part of any public official required to collect and account for fees collected or that should have been collected. The responsibility of officials for fees not collected or losses sustained on account of debtors' failing to pay is not before us, but should stimulate serious thought on the part of such officials.

The motion to dismiss the appeal is denied.

STANFORD, C. J., and UDALL, J., concur.