409 P.2d 314

Chester G. NEWLAND, Appellant,

v.

Robert (Bob) FOSSEY et al., Appellees.

No. 2 CA–CIV 175.

Court of Appeals of Arizona.

Dec. 30, 1965.

Rehearing Denied Jan. 31, 1966.

Review Denied March 1, 1966.

Harry A. Stewart, Jr., and Stephen W. Connors, Phoenix, for appellant.

Kuhse & Petrie, by Joe S. Reynolds, Mesa, for appellees Davis.

Marlowe, States & Meyer, by Dale L. States, Tempe, for appellees Traynor.

McKesson, Renaud, Cook & Miller, by Robert H. Renaud, Phoenix, for appellees Baker and Ricks.

Standage & Allen, by Gove L. Allen, Mesa, for appellees Vineyard.

HATHAWAY, Judge.

The appellees (defendants below) have moved this court to dismiss this appeal on the ground that we are without jurisdiction to consider the matter. Their basis for raising the jurisdictional question is the appellant's failure to timely file a bond for costs on appeal. The notice of appeal was filed within 60 days from the entry of the trial court's order denying appellant's motion for a new trial but the required cost bond was not filed until sixty-six days subsequent to the entry of the order.

Affidavits filed with appellant's response to the motion indicate that the failure to

timely file the bond was occasioned by a series of unfortunate circumstances. Appellant's counsel procured the bond within the required period and directed his recently hired secretary to forward the bond to the clerk of superior court, Pinal county. The secretary inadvertently failed to do so but rather misfiled it in closed office files. The misfiled bond was not discovered until after expiration of the 60 days and was thereupon filed immediately.

Rule 73(b) [1] as amended provides in part:

"1. When an appeal is permitted by law to the supreme court, it shall be perfected by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from, unless a different time is provided by law, and by filing within such time a bond for costs on appeal. * * *"

The perfecting of an appeal within the time prescribed is jurisdictional. In re Gipson's Estate, 64 Ariz. 181, 183, 167 P.2d 383 (1946); Harbel Oil Company v. Steele, 80 Ariz. 368, 370, 298 P.2d 789 (1956). The only question before us is whether Rule 73(b) imposes dual requisites for perfecting an appeal.

There is no ambiguity in the rule —its meaning is clear and requires no resort to rules of construction. The use of the conjunctive "and" renders both the filing of the cost bond within the statutory period and the filing of the notice of appeal mandatory. They are both necessary components in the perfection of an appeal. We therefore hold that the filing of a cost bond on appeal within the period prescribed by Rule 73(b) is a prerequisite to our jurisdiction. Equitable considerations cannot supersede the rules governing appellate procedure.

Appellant has urged us to consider "excusable neglect" as a basis for denial of the motion to dismiss. We are unable to analogize a situation where there has been no trial on the merits so as to justify relief under Rule 60(c) for excusable neglect to the instant situation where a party has had his "day in court." Excusable neglect affords no basis for extension of the time for perfecting an appeal. A.R.C.P. Rule 73(q).

Appellees' motion to dismiss this appeal is granted.

KRUCKER, C. J., and MOLLOY, J., concurring.

---

1. 16 A.R.S., Rules of Civil Procedure.