421 P.2d 904

**MIDWAY LUMBER, INC., a corporation, Appellant,**

**v.**

**Reginald E. G. REDMAN, receiver, Appellee.**

**No. 2 CA–CIV 305.**

Court of Appeals of Arizona.

Jan. 4, 1967.

Rehearing Denied Jan. 20, 1967.

Review Denied Feb. 21, 1967.

Hall, Jones, Hannah, Trachta & Birdsall, by Ben C. Birdsall, Tucson, for appellant.

William Messing, Tucson, for appellee.

HATHAWAY, Judge.

Appellant, the plaintiff in garnishment proceedings below, has appealed from a judgment in favor of the appellee, garnishee below. Appellee has filed a notice of appeal from the portion of the judgment requiring "that each party bear his own costs and attorney fees," claiming that, as the prevailing party, he should have been awarded costs.

Appellant has filed a motion to dismiss the cross appeal on several stated grounds, only one of which need be considered by this court for purposes of ruling on the motion, to wit, appellee's failure to file a bond for costs on appeal. We believe the appellee's failure to file such bond is fatal to his appeal, for the reasons hereinafter stated, and appellant's motion to dismiss is well taken.

Appellee claims that Rule 73(p), Arizona Rules of Civil Procedure, 16 A.R.S., exempts him from the requirement of filing a cost bond. This rule states:

"No bond shall be required for an appeal taken by the state, county, school district, city, or town, or by a state board or commission, or a state, county, school district, city or town officer in his official capacity, or by an executor, administrator, or guardian in his representative capacity."

We cannot agree with appellee's claim. A receiver is merely a ministerial officer of the court, acting under its direction for the benefit of all parties in interest. Sawyer v. Ellis, 37 Ariz. 443, 448, 295 P. 322 (1931). His office is in the nature of a trustee or fiduciary; those who have lawful claims against the receivership estate are his cestuis que trust. 75 C.J.S. Receivers § 142. As a ministerial officer of the court, the appellee is not a state officer within the purview of the portion of the statute exempting public officers acting in their official capacity. Nor is he an executor, administrator or guardian notwithstanding his role in a representative capacity in the garnishment proceedings.

Exemptions from the requirement of a bond in perfecting an appeal cannot be extended by implication beyond the cases specified in the statute since such exemptions are exceptions to the general policy of the law protecting the prevailing party. 4A C.J.S. Appeal and Error § 513. A receiver, unless specifically exempted by the statute [1] or when the statute in broad terms exempts persons acting in a fiduciary capacity, must give the required bond on appeal. 4A C.J.S. Appeal and Error § 514b. Appellee therefore was required to furnish a bond for costs on appeal.

Rule 73(b), as amended, Arizona Rules of Civil Procedure, requires the filing of a notice of appeal *and* a cost bond within

1. E. g., Steele v. Midwest Haulers, Inc., 141 Ohio St. 369, 48 N.E.2d 230 (1946).

the prescribed statutory period. This court has recently held that failure to timely file a cost bond deprives this court of jurisdiction to entertain an appeal. Newland v. Fossey, 2 Ariz.App. 394, 409 P.2d 314, 315 (1966). Appellee's contention that the costs of the cross appeal are nominal cannot serve to neutralize the jurisdictional defect. The rules governing appeals are equally applicable to cross appeals. Maricopa County v. Corporation Commission of Arizona, 79 Ariz. 307, 310, 289 P.2d 183 (1955); See State Bar Committee. Note—1961, Arizona Rules of Civil Procedure Rule 73(b), as amended.

Appellee's cross appeal has not been timely perfected and is hereby dismissed.

JACK G. MARKS and MARY ANNE RICHEY, Superior Court Judges, concur.

NOTE: Judges HERBERT F. KRUCKER and JOHN F. MOLLOY having requested that they be relieved from consideration of this matter, Judges JACK G. MARKS and MARY ANNE RICHEY were called to sit in their stead and participate in the determination of this decision.