489 P.2d 864

In the Matter of the ESTATE of Hilda Jane APPLETON, Deceased.

Thelma Ruth BROWN, Administratrix of the Estate of Hilda Jane Appleton, Deceased, Appellant,

v.

Lillie A. DUNKEL, Appellee.

No. 1 CA–CIV 1207.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 18, 1971.

---

Sidney F. Mitchell,[1] Phoenix, for appellant.

Evans, Kitchel & Jenckes by William W. Clements, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal by Thelma Ruth Brown, Administratrix for the estate of Hilda Jane Appleton, from an order settling the first and final account and report and decree of distribution entered by the Superior Court of Maricopa County.

The facts are as follows: The decedent, Hilda Jane Appleton, died December 4, 1962. The decedent's will named appellee Lillie A. Dunkel, the sister of the decedent, as the sole beneficiary of the estate, with the exception of a clock which was willed to one of decedent's nephews. The estate consisted of one parcel of real property (the decedent's residence), certain savings accounts, postal bonds and jewelry. The beneficiary acquired possession of the jewelry, requiring probate of only the bonds and realty.

On February 11, 1963, the administratrix filed an inventory and appraisement of $32,094. On March 26, 1963, the administratrix filed an amended inventory and appraisement of $34,094,53. The increase consisted of two $1,000 postal savings bonds not included in the first inventory and appraisement. On April 2, 1965, the administratrix filed a second amended inventory and appraisement totaling $88,769.-73. The increase included a savings account located in Ann Arbor, Michigan, in the amount of $21,936.92, a savings account in the Valley National Bank Main Office, Phoenix, Arizona, in the amount of $24,145.89, and a savings account in the

Valley National Bank West Van Buren Branch, Phoenix, Arizona, in the amount of $1,292. All three of these savings accounts purported to be joint tenancy accounts between the decedent and Lillie A. Dunkel, the beneficiary under the will.

The administratrix was cited to return an accounting, and on May 27, 1965, the administratrix submitted her only accounting. The accounting included all items filed in the second amended inventory and appraisement, and asked for the approval of the following expenses of administration: $5,198 paid to herself as her administratrix fee, of which $3,258.58 was a statutory fee and $1,840 was for extraordinary services; $1,948.58 paid to the then attorney for the estate as an advance on attorney's fees claimed to total $3,948.58; $482 paid to John M. Brown, Jr., administratrix's son, as a real estate commission; and $250 paid to John M. Brown, Sr., administratrix's husband, for painting a portion of decedent's home.

On June 7, 1965, the beneficiary filed objections to this accounting. The objections were:

(1) that the administratrix was entitled to only $1,483.78 as an administratrix fee, based upon the value of $34,094.53 which was the value stated in the first amended appraisement, and that no extraordinary fees be paid;

(2) the inclusion of the three savings accounts because they were joint tenancy accounts;

(3) the $482 paid to John M. Brown, Jr. because he was not a licensed real estate agent;

(4) the $250 paid to John M. Brown, Sr. on the grounds that the services were unauthorized, exorbitant and not justified; and

(5) the $2,000 paid to the attorney for the estate as attorney's fees on the ground that the fee was unjustified, exorbitant and caused by wrongfully attempting to include the joint tenancy accounts in the assets of the estate.

On July 15, 1965, a hearing was held in Superior Court on the first and final account and report and petition for distribution. The order settling first and final account and report and decree of distribution of estate filed July 11, 1969, disallowed:

(1) the administratrix fee of $5,200 and allowed only $1,543.78, the latter being the statutory fee based upon $35,594.53 (i. e., the court disallowed the inclusion of the three savings accounts which totaled $47,-375.01 and allowed no extraordinary fees);

(2) the $482 paid to John M. Brown, Jr. as a real estate commission;

(3) the $250 paid to John M. Brown, Sr. for painting portions of decedent's house;

(4) the $5000 valuation on decedent's jewelry, and allowed only $1,500; and

(5) the $3,948.58 attorney's fees, and allowed only the sum of $350.

The total amount of disallowed claims came to $8,146.80 and this amount, plus interest, plus the amount set forth in the account as on hand for distribution, the sum of $2,844.24, was ordered to be paid to the beneficiary, Lillie A. Dunkel.

The first question on appeal is whether the trial court lost jurisdiction to render a decision.

■ Appellant argues that the trial court lost jurisdiction to render any decision since more than sixty days had passed after taking the matter under advisement before it was determined by the court. The hearing on the first and final account and report for distribution was held in the Superior Court on July 15, 1965. The judge held the matter under advisement from that date until July 11, 1969, the date the formal order was entered.

Article VI, § 21 of the Arizona Constitution, A.R.S., states:

"Every matter submitted to a judge of the superior court for his decision shall be decided within sixty days from the date of submission thereof. The Supreme Court shall by rule provide for the speedy disposition of all matters not decided within such period."

Rule 77(i), Rules of Civil Procedure, 16 A.R.S., as amended,[2] and Rule XIII, Uniform Rules of Practice of the Superior Court, 17 A.R.S.,[3] also contain sixty-day provisions.

The old constitutional provision, Art. VI, § 15 reads:

"Every case submitted to the judge of a superior court for his decision shall be decided within sixty days from the submission thereof; Provided, that if within said period of sixty days, a rehearing shall have been ordered, the period within which he must decide shall commence at the time the case is submitted on such rehearing."

This provision was held to be only directory and not mandatory. Cahn v. Schmitz, 56 Ariz. 469, 108 P.2d 1006 (1941); Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162 (1935); Malcolm v. Valley Bank, 31 Ariz. 284, 252 P. 190 (1927); Williams v. Williams, 29 Ariz. 538, 243 P. 402 (1926).

The case of Brown v. Brown, 10 Ariz. App. 388, 459 P.2d 115 (1969), found Art. VI § 21 to be couched in imperative language and mandatory. That case was, however, vacated by Brown v. Brown, 105 Ariz. 273, 463 P.2d 71 (1969), and the question of whether Art. VI, § 21 of the Arizona Constitution is mandatory or directory was not discussed.

■ Both constitutional provisions contain the wording, "shall be decided within sixty days", and both constitutional provisions read substantively the same. Thus, we find the reasoning in Williams v. Williams, *supra,* and the other Arizona Supreme Court cases holding the old constitutional provision, Art. VI, § 15, to be only directory to be also applicable to the present provision, Art. VI, § 21. We hold that the trial court did not lose jurisdiction

by holding the matter under advisement for more than sixty days.

The next question to be decided is whether this Court lacks jurisdiction of this appeal.

Appellee Lillie A. Dunkel, the beneficiary of the estate, argues that this Court lacks jurisdiction of this appeal as appellant is not aggrieved in a representative capacity and did not timely file either appeal cost bond or the affidavit in lieu of bond required for an appeal in her individual capacity.

■ Only those probate orders enumerated in A.R.S. § 12–2101, subsec. J, as amended, are appealable. In re Estates of Garcia, 7 Ariz.App. 114, 436 P.2d 626 (1968). In the case at bar the order of the Superior Court is an order "against or in favor of * * * settling an account of an * * * administrator * * *" and may be appealed. A.R.S. § 12–2101, subsec. J, par. 4.

Appellant's notice of appeal does not designate whether the appeal is taken individually or in a representative capacity, thus we will discuss whether the appeal may be taken by the administratrix in either capacity.

If the administratrix is appealing in her representative capacity, she is exempted by Rule 73(p), Rules of Civil Procedure, 16 A.R.S., from the requirement of posting a bond for costs on appeal.

In the case of In re Estate of McCabe, 11 Ariz.App. 555, 466 P.2d 774 (1970), in discussing our Supreme Court cases, establishes that an appeal may be taken in a representative capacity only under the following circumstances:

"A personal representative may not appeal in his representative capacity where

2. Rule 77, subd. i, Rules of Civil Procedure, 16 A.R.S., as amended, reads: "Every matter submitted for determination to a judge of the superior court for his decision shall be determined and a ruling made within sixty days from submission thereof. * * *"

3. Rule XIII, Uniform Rules of Practice of the Superior Court, 17 A.R.S., reads: "Every matter submitted to a judge or commissioner shall be decided with all reasonable promptness and, in any event, in accordance with Section 21, Article VI of the Arizona Constitution, not later than sixty days from the date of submission thereof."

he is interested or aggrieved only as an individual. In re Estate of Nolan, 56 Ariz. 366, 108 P.2d 391 (1940); In re Estate of Ristman, 208 Or. 234, 300 P.2d 408 (1956); In re Clark's Estate, 213 S. W.2d 645 (Mo.App., 1948); 4 C.J.S. Appeal and Error § 193b. An executor during the period of administration, holds the property of the estate as the trustee and the proper representative of all parties interested therein, and it is his duty to protect the assets of the estate. In re Estate of Tamer, 20 Ariz. 228, 179 P. 643 (1919). Therefore, where the interests of the estate are involved, the executor may sue and be sued, and this includes the right of appeal from probate orders. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949).

Here, the effect of the subject order is to protect the assets of the estate by decreasing the value for purposes of computing the executor's and attorneys' fees. Under these circumstances, where the challenged ruling was for the benefit of the estate and the only relief sought by the appeal is to advance the appellant's individual interest, it cannot appeal as executor. In re Estate of Nolan, supra; Wiley v. Wiley, 69 Ind.App. 431, 122 N.E. 25 (1919); Maxwell v. Adams, 91 W.Va. 486, 113 S.E. 752 (1922)." 11 Ariz.App. at 556, 466 P.2d at 775.

■ In the instant case the administratrix is aggrieved only in her individual capacity and therefore an appeal may not be taken in her representative capacity. The order of the Superior Court protected the assets of the estate by decreasing the value of the estate for purposes of computing administratrix and attorney fees, and disallowing fees claimed by the administratrix, her husband and son. The result of the disallowed claims benefited the estate by several thousand dollars. We cannot see how an appeal in this matter will benefit the estate. If an appeal is to be taken without bond, the administratrix must appeal in her representative capacity.

■ If the administratrix appeals in her individual capacity she must file a cost bond within the statutory period as required by Rule 73(b) (1), Rules of Civil Procedure, 16 A.R.S., to perfect the appeal as both the notice of appeal and bond are mandatory. Newland v. Fossey, 2 Ariz.App. 394, 409 P.2d 314 (1966). Since the time to appeal is not extended by one of the motions provided by Rule 73 (b) (2), Rules of Civil Procedure, 16 A.R.S., the time to perfect appeal in this case is 60 days. The order settling the first and final account and report and decree of distribution was filed July 11, 1969. The administratrix filed her notice of appeal on September 9, 1969, the 60th day following entry of the decree of distribution. The administratrix filed her poverty affidavit in lieu of bond for costs on appeal in accordance with Rule 73(i) (1), Rules of Civil Procedure, 16 A.R.S., on September 15, 1969, more than 60 days after the entry of the order appealed from. The failure to file a cost bond on appeal, or in this case the poverty affidavit in lieu of bond, within the statutory period is jurisdictional. Newland v. Fossey, 2 Ariz. App. 394, 409 P.2d 314 (1966).

■ Further, on September 18, 1969, the beneficiary filed a demand for proof of facts of inability to post bond within the five-day period from the date the poverty affidavit was filed, pursuant to Rules 73 (i) (2), Rules of Civil Procedure, 16 A.R.S. On September 29, 1969, the administratrix appeared before the Judge of the Superior Court to make proof of the facts in her affidavit of her inability to post bond. The court found the administratrix able to afford the bond for costs on appeal and required that the bond on appeal be posted within 30 days. The record on appeal reflects that no bond on appeal has been posted. We hold this failure to also be jurisdictional.

For the foregoing reasons we are without jurisdiction to reach the merits of this appeal, and accordingly this appeal is dismissed.

STEVENS, P. J., and CASE, J., concur.