586 P.2d 1326

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Plaintiff-Appellee,**

v.

**Jeanne HALL, Defendant-Appellant.**

**No. 1 CA–CIV 4418.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 14, 1978.

John A. LaSota, Jr., Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

Southern Arizona Legal Aid, Inc. by Leslie A. Nixon, Tucson, for defendant-appellant.

## OPINION

HAIRE, Presiding Judge.

After the docketing of a civil appeal in this Court, a preliminary examination of the record is made to ascertain whether the Court has appellate jurisdiction. Such an examination in this case indicated an apparent lack of jurisdiction resulting from a late filing of the notice of appeal.

The trial court's judgment was entered on April 3, 1978. Rule 9, Arizona Rules of Civil Appellate Procedure (ARCAP), requires, with exceptions not pertinent here, that any notice of appeal from a judgment be filed within 30 days after the entry of the judgment. Appellant's notice of appeal was not filed in the Maricopa County Superior Court until May 5, 1978, which was 32 days after the entry of judgment.

Appellant has advised this Court that on April 28, 1978, she mailed her notice of appeal with an appropriate affidavit in lieu of bond from her Tucson office to the Clerk of the Maricopa County Superior Court. However, appellant did not include the $20 appeal preparation fee required by A.R.S. § 12–2107. On May 4, 1978, appellant received a letter dated May 3, 1978, from the Clerk returning the notice of appeal and affidavit to her, and advising her that payment of the fee would be required prior to filing. Appellant re-mailed the documents to the Clerk on that same day, along with the required fee. These were received by the Clerk of the Maricopa County Superior Court on May 5, 1978, and the notice of appeal and affidavit were filed on that date.

It is the opinion of the Court that in the absence of a tender of the appropriate fee, the Superior Court Clerk correctly refused to file appellant's notice of appeal when it was initially received. In view of the untimely filing, this Court lacks jurisdiction, and the appeal must be dismissed. Ordinarily, we would merely enter an order dismissing the appeal. However, inasmuch as the jurisdictional problem exemplified in this appeal appears to be of a recurring nature,[1] we have decided to issue a published opinion so as to advise the bar and hopefully avoid similar problems in the future.

ARCAP 9 provides that, in the absence of specified exceptions, a notice of appeal shall be filed with the Clerk of the Superior Court not later than 30 days after the entry of the judgment from which the appeal is taken. The timely filing of a notice of appeal is jurisdictional,[2] and the time for the filing of a notice of appeal as set forth in ARCAP 9 may not be extended by the Court. See ARCAP 5(b). Cf. Newland v. Fossey, 2 Ariz.App. 394, 409 P.2d 314 (1965); Edwards v. Young, 107 Ariz. 283, 486 P.2d 181 (1971).

Based upon the facts, the only issue presented to this Court is whether the Su-

---

1. See, e. g., Order and Record in 1 CA–CIV 3775, Benitez v. State, Petition for Review denied, September 15, 1977.

2. See ARCAP 8(a) and authorities cited in ARCAP 8(a) Note.

perior Court Clerk acted within his authority in refusing to file the notice of appeal in the absence of a tender of the $20 fee required by A.R.S. § 12–2107. That section provides that: "The appellant . . . shall *upon filing the notice of the appeal* pay to the clerk . . . a preparation fee . . . ." (Emphasis added). A.R.S. § 12–301 A authorizes the Clerk to "refuse to perform any service in any action . . until the fees are paid." It is true that our Supreme Court has treated as valid filings made without the payment of the required fee where those filings were accepted by the Clerk. *See Sligh v. Watson,* 67 Ariz. 95, 191 P.2d 724 (1948); *McGirk v. Seventy-Six Cattle Co.,* 38 Ariz. 354, 300 P. 181 (1931). In both of those cases, however, the Court emphasized the statutory language now contained in § 12–301 B, which provides that the "[f]ailure to collect the fee shall not affect the validity of the act or service." Nothing in the language or reasoning of *Sligh* or *McGirk* would suggest that the

Clerk may not refuse to accept a tendered filing without required fees; indeed, the Supreme Court in *Sligh* criticized the Clerk's practice of extending credit rather than insisting upon the contemporaneous payment of fees. 67 Ariz. at 102, 191 P.2d at 728–29.

Applying these principles to the fact situation presented here, we hold that the Clerk had authority to refuse to file the notice of appeal when it was tendered without a contemporaneous payment of the fee, and that as a result of his refusal to file the notice of appeal until the fee was paid, the notice of appeal was not timely filed and the appeal must be dismissed.

DONOFRIO, J., and FROEB, C. J., Division 1, concur.