NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:
BRETT DAVID HILLEGASS, *Petitioner/Appellant*,

*v.*

MELISSA MEJIA GARMON and TREVOR GARMON,
*Respondents/Appellees*.

SANDY L. and DONALD R. HILLEGASS, *Intervenors/Appellees*.

No. 1 CA-CV 13-0201
FILED 2-25-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-002642
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Brett David Hillegass, Florence
*Petitioner/Appellant In Propria Persona*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

¶1        Brett David Hillegass ("Appellant") appeals the family court's judgment determining paternity, custody, parenting time, and child support, and the court's subsequent order granting in part and denying in part Appellant's motion to alter or amend the judgment. Appellant raises several issues primarily related to his parenting time. For the following reasons, including that the court's subsequent orders have largely rendered his arguments moot, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On August 20, 2005, the child who is the subject of this appeal was born to Melissa Mejia Garmon ("Mother"). Appellant and Mother have never been married; in fact, Mother was married to Trevor Garmon ("Garmon") at the time of the child's conception and birth.[1] Nevertheless, Appellant has maintained that he is the biological father of the child.

¶3        Appellant is an inmate in the Arizona Department of Corrections ("ADOC"), and has a history of drug addiction and an extended criminal record, including multiple felony convictions for possession of dangerous drugs for sale. In 2006, he received sentences totaling fifteen years for drug-related felonies committed in May and August 2005.

¶4        In 2010, pursuant to a stipulated agreement entered between Appellant and Mother, Appellant submitted to a private paternity test, which indicated a 99.996 percent probability of his being the child's biological father. In April 2011, Appellant filed a "Petition for Paternity, Child Custody, Parenting Time and Child Support," through which he sought a determination of paternity and either joint custody or visitation rights.

¶5        On September 13, 2012, the family court held an evidentiary hearing on Appellant's April 2011 petition. In a detailed, signed judgment filed October 8, 2012, the family court in part (1) found that Appellant is the natural father of the child, and ordered the child's birth certificate amended to reflect that fact, (2) denied Appellant's request to change the child's name, (3) ordered Mother to complete an approved parent education program and file proof of completion by October 31, 2012, (4)

---

[1]        Mother and Garmon were divorced on May 20, 2013.

considered the best interest of the child pursuant to Arizona Revised Statutes ("A.R.S.") section 25-403,[2] (5) awarded Mother sole legal custody of the child, (6) outlined custody terms, (7) ordered that Father could exercise limited parenting time, subject to specified conditions, including prior evaluation and approval by a court-appointed therapeutic interventionist, and (8) after noting that neither party had presented any evidence of financial factors in the matter, declined to order child support, without prejudice to subsequent petitions to modify the court's order. Within the judgment, the court also ordered a follow-up status conference "to specifically review the status of the visits and to determine whether the visits should be increased or decreased based upon the testimony of the parties and input from the Therapeutic Interventionist."[3]

¶6             On October 19, 2012, Appellant filed a "Motion to Alter or Amend Judgment or Alternatively Motion for New Trial or Alternatively Motion for Relief From Judgment."  In the motion, Appellant argued primarily that the therapeutic interventionist's fees were beyond his financial means, and he requested that the family court (1) order Mother to pay fifty percent of the fees, (2) find a less expensive alternative, and (3) order ADOC to provide him with telephonic access and visitation "as needed."  Appellant also raised several other issues, which he described as "ancillary matters," including requesting that the court reconsider its order denying his request to change the child's name on the birth certificate and issue orders designed to facilitate his access to Mother and the child.

¶7             In a signed minute entry filed February 11, 2013, the family court granted in part the motion by ordering that Mother and Appellant each be responsible for fifty percent of the therapeutic interventionist's fees.  The court otherwise denied Appellant's motion.

¶8             Appellant filed a timely notice of appeal from the court's October 2012 judgment and February 2013 order.  This court has

---

[2]     We cite the current version of the applicable statutes unless changes material to our decision have occurred.

[3]     The family court issued a separate order setting out the role and responsibilities of the therapeutic interventionist, including providing for "90-day intervention summaries to the court" and other reporting as necessary.

jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1) and (5)(a).

## ANALYSIS

**¶9**        Appellant raises several arguments reflecting his dissatisfaction with the family court, including that he was unable to provide a transcript of the September 13, 2012 evidentiary hearing because the court failed to assist him. However, Appellant points to no evidence that he requested any assistance. Moreover, as the appellant in a civil case, it is Appellant's responsibility to ensure the record on appeal contains all transcripts and documents necessary to address the issues raised on appeal. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003); ARCAP 11(b)(1). When a party fails to include necessary items in the record on appeal, we assume the missing items support the family court's findings and conclusions. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).

**¶10**        Appellant also asserts the family court violated Article 6, Section 21, of the Arizona Constitution and Rule 91(e), Arizona Rules of the Supreme Court, by failing to rule within sixty days on several of the myriad pretrial motions before the court. Even assuming without deciding that each of Appellant's assertions is correct, these provisions are directory, not mandatory. *In re Estate of Appleton*, 15 Ariz. App. 490, 493, 489 P.2d 864, 867 (1971). Thus, even if the family court failed to rule on a matter within sixty days, the remedy is merely a mandate from this court that the family court enter a ruling on the matter. *See W. Sav. & Loan Ass'n v. Diamond Lazy K Guest Ranch, Inc.*, 18 Ariz. App. 256, 261, 501 P.2d 432, 437 (1972). In this case, the record indicates the family court ultimately addressed the numerous matters Appellant raised.[4]

**¶11**        Appellant also contends the family court abused its discretion by ordering therapeutic intervention without considering a less

---

[4]        Appellant also complains the family court did not timely rule on a letter from the therapeutic interventionist. In the letter, the therapeutic interventionist requested release from her appointment, primarily due to Appellant's purported inability to pay. The letter was not a pleading filed with the court, and the court ostensibly addressed the matter in its February 2013 order modifying the terms of payment. Furthermore, as we indicate *infra*, this matter is now moot.

expensive alternative based upon Appellant's financial status. However, because Appellant has failed to provide a transcript of the September 13, 2012 evidentiary hearing, we presume the missing transcript would support the family court's findings and conclusions. *Baker*, 183 Ariz. at 73, 900 P.2d at 767. Moreover, the limited record refutes the premise underlying Appellant's contention because, as we have recognized, the court indicated within its judgment that neither party had presented any evidence at the evidentiary hearing regarding financial factors in this matter.[5]

¶12 Appellant further argues the family court abused its discretion in failing to address the therapeutic interventionist's request for release, declining to find Mother and Garmon in contempt of court for lack of compliance with court orders, and not requiring Mother to provide her address to Appellant. Although Appellant attempts to bolster his argument in part based upon his personal "summary" of the testimony proffered at the September 13, 2012 hearing, we do not consider his "summary" absent the transcript. *See generally id.*

¶13 Moreover, our review of the family court's subsequent minute entries in this case makes clear that the court has consistently addressed Appellant's complaints. *See State v. Valenzuela*, 109 Ariz. 109, 110, 506 P.2d 240, 241 (1973) (recognizing that the reviewing court may take judicial notice of the records of the superior court). Since July 2013, the court has held three status conferences and an additional evidentiary hearing. Further, the court's minute entries indicate that, after receiving an update from the therapeutic interventionist, the court issued orders allowing the parties to seek a more affordable alternative for reunification therapy, and later accepted the recommendation of the child's paternal grandmother to appoint the grandmother's colleague, Dr. Marge Jones-Schafer, to facilitate the integration of the child, subject to acceptance of the role by Dr. Jones-Schafer.

¶14 The record further indicates the court issued additional orders requiring Mother to, *inter alia*, comply with and pay half the costs of amending the birth certificate, file her parent information program

---

[5] Despite Appellant's contention that he lacks *any* financial means to pay a therapeutic interventionist, Appellant acknowledges that, in addition to the scant wages he earns in prison, his parents provided him with $750.00 for that purpose. Nevertheless, the family court has recently found that "both parties are indigent."

certificate, arrange for payment of the court-approved therapeutic interventionist, and draft a signed, notarized letter authorizing the paternal grandmother to bring the child to the prison facility to visit Appellant.[6]   Additionally, the family court has ordered Mother to communicate with the paternal grandparents on various matters, including the child's whereabouts, and provide Appellant with the child's progress reports from the past year, school information, shot records, contact information for the child's doctor, and a monthly letter regarding the child's status.  The court has also ordered Mother to contact the child's school to ensure Appellant is listed as the child's father at the school and placed on the school's correspondence list.[7]  Finally, the family court has appointed a "Best Interests Attorney," or "Court-Appointed Advisor," to investigate and make recommendations to the court regarding the child's living arrangements, Mother's involvement in parenting the child, whether guardianship should be considered, and any other issues in the best interests of the child.[8]  Accordingly, the family court's orders have rendered moot Appellant's arguments regarding the therapeutic interventionist, Mother's lack of compliance with court orders, and Appellant's purported need to contact Mother.

---

[6]     Mother has since presented the court with a certificate indicating she has completed the parenting class and a copy of the child's birth certificate as ordered, signed a paternal "Grandparent Visitation Schedule" affirmed by the court, and at the court's direction, signed an "Application to Visit Inmate" document, allowing the paternal grandparents to take the child to visit Appellant in prison.

[7]     The court has provided for fines for Mother's non-compliance with several of the court's orders.

[8]     The court has ordered the Office of Public Defense Services to "reimburse the fees and costs of the Court Appointed Advisor, subject to reallocation."

## CONCLUSION

¶**15**      We affirm the family court's judgment filed October 8, 2012, and order filed February 11, 2013.



Ruth A. Willingham · Clerk of the Court
F I L E D :  mjt