**Emmet J. HOYE, Plaintiff,**

v.

**SERVICE PRODUCTS CORPORATION, Defendant.**

**No. 67–C–388.**

United States District Court
E. D. Wisconsin.

July 11, 1968.

Allan B. Wheeler, Wheeler, Wheeler, House & Clemency, Milwaukee, Wis., for plaintiff.

Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The defendant, charged with having infringed the patent in suit, has moved for leave to file an amended answer pursuant to rule 15(a), Federal Rules of Civil Procedure. The plaintiff does not contend that such amendment will result in prejudice or delay; rather, he objects on the ground that it fails to state a good defense in law.

The defendant seeks to assert the invalidity of the plaintiff's patent by amending its answer to add the following:

"5. As a further, separate and affirmative defense to the complaint, defendant alleges that Patent 2,806,331 and each and every claim thereof are invalid and void because:

"(a) The alleged inventor of said patent was not the original and first inventor of the alleged invention described and claimed therein; and

"(b) The alleged invention of said patent was known to and invented by another, if any invention was involved therein, prior to or/and contemporaneous with the making of the said alleged invention by the patentee of said patent, and namely by one, Charles M. Fleming of Nutley, New Jersey, at the plant of Raybestos-Manhattan, Inc. located at 61 Willett Street, Passaic, New Jersey, who exercised due diligence in reducing the same to practice, in commercially developing the same and in promoting the manufacture and sale of the products thereof by the said Raybestos-Manhattan, Inc., all of the acts of which were performed and consummated by him and said Raybestos-Manhattan, Inc. prior to the patenting of said patent No. 2,806,331 by the patentee thereof, and without his or their knowledge or information of the making of the alleged invention of said patent by the patentee thereof."

 The plaintiff objects to the proposed amendment on the ground that it does not state that Mr. Fleming was a prior inventor, but that he was a contemporaneous inventor who furnished his invention "prior to the *patenting* of said patent * * *." In support of this contention, the plaintiff relies on 35 U.S.C. § 102, which states in part:

"A person shall be entitled to a patent unless—

(g) before the applicant's invention thereof the invention was made in this country by another * * *."

However, the court notes that paragraph 5(b) explicitly states that the alleged invention of said patent was known to "and invented by another * * * prior to or/and contemporaneous with the making of the said alleged invention by the patentee * * *." Moreover, the defendant asserts that the alleged invention of the patent in suit "did not amount to invention", and that the contemporaneous work of another is an element in establishing this defense of lack of invention.

The plaintiff also argues that the last three lines of the proposed amendment should not be allowed even if the amendment is otherwise permitted, because "they do not relate to any fact which is relevant or material to the case of either party". The irrelevance of the last three

lines of the proposed amendment is not apparent to the court.

 The rule permitting amendment of pleadings is to be liberally construed in favor of allowance of amendments, particularly when the opposing party is put to no disadvantage. Green v. Walsh, 21 F.R.D. 15 (E.D.Wis.1957). The record in the case at bar discloses no such disadvantage.

Therefore, it is ordered that the defendant's motion for leave to file an amendment to its answer be and hereby is granted.