482 P.2d 454

**DOLLAR A DAY RENT A CAR SYSTEMS, INC., a corporation, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Kenneth C. Chatwin, a Judge thereof, and the Mountain States Telephone and Telegraph Co., a corporation, Respondents.**

No. 10293.

Supreme Court of Arizona, In Banc.
March 16, 1971.

Snell & Wilmer, by Warren E. Platt, Phoenix, for petitioner.

Fennemore, Craig, von Ammon & Udall by Roger C. Mitten, Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action in which the petitioner, Dollar A Day Rent A Car Systems, Inc., seeks to set aside the order of the Superior Court, denying the petitioner's motion for leave to file an amended complaint. We accepted jurisdiction and the question before this court is whether the trial court abused its discretion in denying petitioner's motion to amend its pleadings to include as a defendant the American Telephone and Telegraph Company, the parent company of the respondent, Mountain States Telephone and Telegraph Company (hereinafter referred to as Mountain States).

The facts necessary for a determination of this matter on appeal are as follows. Petitioner, Dollar A Day Rent A Car Systems, Inc., is a corporation engaged in the leasing and renting of automobiles to the public in Arizona and nationally and carries on a national advertising campaign under the name "Dollar-A-Day Rent-A-Car Systems". The respondent, Mountain States, is a public utility engaged in the general telephone business in the State of Arizona as well as other states in the mountain west, and enjoys a monopoly of that business in most parts of the area served.

In connection with respondent's business, respondent publishes and distributes to each subscriber of its telephone service a directory listing the name, address, and telephone numbers of each subscriber desiring to be so listed. The directory consists of two parts, (1) the white pages which is an alphabetical listing of those people who own telephones, and (2) the yellow pages specialized for advertising businesses and services of subscribers who wish to be so listed and are willing to pay the additional fees for such listings. Respondent has an announced policy concerning the listing as well as the advertising copy or display advertisements for the separate yellow pages. The listing in alphabetical order of all customers under a certain business classification is the same as in the white pages while the display ads consist of blocks of advertising and the respondent attempts to control the content of said copy. The response to the petition states:

"* * * Publishing of prices, price ranges and other forms of price advertising is not permitted in order to avoid misleading, deceiving or confusing situations. The regulation against price advertising may not be circumvented through the choice of firm names, trade or service marks."

Pursuant to this policy, the petitioner is allowed, in the yellow pages, to have a listing in the alphabetical index under "Automobile Renting and Leasing" of "Dollar A Day Rent A Car." However, the display advertising in the same section is restricted to the title "Dollar Systems Rent A Car" rather than "Dollar A Day Rent A Car" as the petitioner desires. Petitioner brought suit against Mountain States for declaratory judgment as to the right to advertise in the yellow pages under the name "Dollar A Day Rent A Car."

After suit was brought and an answer filed by Mountain States, depositions were taken which lead the petitioner to believe a majority of the stock in Mountain States is owned by the American Telephone and Telegraph Company and that American Telephone and Telegraph Company not only coordinates the advertising policy, standards and regulations used by Mountain States, but that:

"American Telephone and Telegraph Company provided management and direction through its Directory Services Division to the various subsidiary telephone companies within the Bell System including the defendant Mountain States Telephone and Telegraph Company and assists such companies in applying standards which it has enacted for regulation and control of the content permitted within the yellow pages of the numerous directories published by said telephone companies."

Petitioner then moved to file an amended complaint which would name American Telephone and Telegraph Company as a party-defendant. Petitioner contended that American Telephone and Telegraph Company also controlled the advertising policies in the yellow pages of other subsidiary regional companies that make up the Bell System and with which the petitioner also seeks advertising space. The motion was denied by the respondent judge and the petitioner sought review in this court.

■ This is a proper petition for special action. Denial of a motion to amend complaint is not an appealable order. § 12–2101 A.R.S., as amended. Daniel v. Telford, 51 Ariz. 197, 75 P.2d 373 (1938). Also denial of a motion to implead a third party defendant is not appealable. Moynahan v. Fritz, 90 Ariz. 144, 367 P.2d 199 (1961).

■ Our Rules of Civil Procedure, 16 A.R.S., state:

"Rule 15.　Amended and supplemental pleadings

"15(a) Amendments.　1.　A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served.　Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.　Leave to amend shall be freely given when justice requires."

In the instant case a responsive pleading has been filed and the petitioner must obtain "leave of the court" before he may amend his pleadings and serve the additional party.　We have stated:

"Rule 15(a), Rules of Civil Procedure, 16 A.R.S., provides that 'Leave to amend shall be freely given when justice requires.'　This court has stated that amendments to pleadings should be granted with great liberality, so that cases may be decided on the merits rather than on mere technicalities of pleadings, and so long as the granting of the amendment does not prejudice the other party. (citations omitted)　It is the rule in this state that the granting of the motion to amend is left to the sound discretion of the trial judge.　(citations omitted)." Cagle v. Carr, 101 Ariz. 225, 227, 418 P.2d 381, 383 (1966).

The text writers agree that:

"The purpose of an amended pleading is to include matters which occurred before the filing of the original pleading but which were either overlooked by the pleader or were unknown to him at the time.　It is a substitute for the original and relates to the facts that existed when the original pleading was filed.　An amended pleading supersedes the original." Barron & Holtzoff, Wright, Federal Practice and Procedures, § 441, Volume 1(A), page 707.

And the federal courts have stated:

"An amended pleading is one which clarifies or amplifies a cause of action

**90**

which can be identified with certainty as the same cause of action originally pleaded or attempted to be pleaded. It is a perfection of an original pleading rather than the establishment of a new cause of action." Superior Manufacturing Corporation v. Hessler Manufacturing Company, 10 Cir., 267 F.2d 302, 304 (1959).

The authorities are in general agreement that "the rule permitting amendment of pleadings is to be liberally construed in favor of allowance of amendments, particularly when the opposing party is put to no disadvantage." Hoye v. Service Products Corporation, 286 F.Supp. 299, 301 (1968). In the instant case, after depositions were taken, the plaintiff found a relationship between American Telephone and Telegraph Company and the defendant Mountain States which he believed resulted in the control by American Telephone and Telegraph Company not only over the policies of Mountain States regarding the acceptance of display advertising for the yellow pages, but of other regional telephone companies in whose area petitioner operates. Although Mountain States contends that it would be prejudiced both by delay and greater expense in defending itself if the motion is granted, it further contends that because the ends of justice will not be served by joining American Telephone and Telegraph Company that there is no need or at least a lesser need to show prejudice to the defendant Mountain States as a reason for denying the motion to amend. We disagree. While we can see little prejudice to Mountain States in having the parent company as a party-defendant, we believe that the ends of justice will be served and the relief to which petitioner may be entitled more complete by having the parent company which allegedly sets the standards under which respondent refuses to accept the advertising copy of petitioner as a party to the action.

The matter is reversed and remanded with directions that the trial court grant petitioner's motion to amend and for such other and further action consistent with this opinion as may be necessary and proper..

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.