IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| DONNA JAMES, the mother of decedent COREY JAMES; JOHN JAMES, the father of decedent COREY JAMES; and MARJORIE SURINE, the mother of decedent MICHELLE JAMES, | ) ) ) ) ) ) | 2 CA-CV 2006-0124 DEPARTMENT A |
| Plaintiffs/Intervenors, | ) ) | O P I N I O N |
| JOSEPH BURKHAMER, the father of decedent MICHELLE JAMES, | ) ) ) | |
| Plaintiff/Appellant, | ) ) | |
| v. | ) ) | |
| THE STATE OF ARIZONA, a body politic, | ) ) ) ) | |
| Defendant/Appellee. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200400744

Honorable William J. O'Neil, Judge

APPEAL DISMISSED

Rubin & Samuels PLC
  By Michael S. Samuels
                                                                    Phoenix
                                        Attorneys for Plaintiffs/Intervenors


Meagher & Geer, P.L.L.P.
  By Thomas H. Crouch
                                                                    Scottsdale

and

Law Office of Gary M. Gallner
  By Gary M. Gallner                                        Avondale
                                        Attorneys for Plaintiff/Appellant

Burke - Panzarella - Rich
  By Thomas P. Burke, II and Randy L. Kingery              Phoenix
                                        Attorneys for Defendant/Appellee

P E L A N D E R, Chief Judge.

¶1        In this wrongful death action, the trial court granted defendant/appellee State of Arizona's motion to dismiss or for partial summary judgment on plaintiff/appellant Joseph Burkhamer's claim on the ground he had failed to properly file a notice of claim against the state, as A.R.S. § 12-821.01 requires. Burkhamer appeals from the ensuing judgment, entered pursuant to Rule 54(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, and from the trial court's subsequent order denying Burkhamer's objection to the judgment and his motion to amend the pleadings.

¶2        The substantive issue Burkhamer raises is whether providing a notice of claim via facsimile delivered to, and received by, the Arizona attorney general's office constitutes proper filing of the notice against the state under § 12-821.01. The preliminary procedural issue we find dispositive, however, is whether Burkhamer's notice of appeal from the trial court's judgment was untimely filed, thereby depriving this court of subject matter jurisdiction. We conclude it was and, therefore, must dismiss the appeal.

2

**Background**

¶3        The following facts are undisputed. On August 17, 2003, Corey and Michelle James, husband and wife, were killed in an automobile accident while traveling on a state highway in Pinal County. In 2004, John and Donna James, Corey's parents, and Marjorie Surine and Joseph Burkhamer, Michelle's parents, filed this wrongful death action, alleging the state had negligently designed and maintained the road and caused their children's deaths. Before filing the action, Burkhamer sent a notice of claim via facsimile on February 13, 2004, to the Arizona attorney general's office. Several months later, Burkhamer and the other three plaintiffs filed this case.

¶4        The state moved to dismiss Burkhamer's claim in this action under Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, or, in the alternative, for partial summary judgment on that claim under Rule 56(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 2. The state argued Burkhamer's claim was barred under § 12-821.01(A) because he had "failed to file and serve" a notice of claim on the state within 180 days after the cause of action accrued.[1]

---

[1]Section 12-821.01(A), A.R.S., provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. . . . Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

3

¶5        In response, Burkhamer asserted his delivery of his notice of claim via facsimile to the attorney general's office within the required time satisfied the statutory requirements. After a hearing, the trial court granted the state's motion. Because matters outside the pleadings were presented to and not excluded by the court, the trial court apparently treated the motion as one for partial summary judgment on Burkhamer's claim despite its statement in the judgment that it "grant[ed] Defendant's Motion to Dismiss." *See* Ariz. R. Civ. P. 12(b). Thus, were we to reach the merits, we would do the same. *See Franzi v. Koedyker*, 157 Ariz. 401, 408, 758 P.2d 1303, 1310 (App. 1985). But, for the reasons explained below, we instead dismiss the appeal for lack of jurisdiction.

## Timeliness of Appeal

¶6        As a threshold issue, we first must determine whether Burkhamer timely filed his appeal, an issue the state raised in its answering brief.[2] The trial court's judgment dismissing Burkhamer's claim with prejudice was filed on January 26, 2006. Pursuant to Rule 54(b), Ariz. R. Civ. P., the judgment expressly stated "there is no just reason for delay in the entry of this Judgment and Order dismissing the claim of Joseph Burkhamer [and] this shall constitute the Court's Final Judgment dismissing all claims asserted by [him] against the State of Arizona in this matter."

---

[2]The other plaintiffs, including Marjorie Surine (Burkhamer's former wife), moved to intervene in the appeal, which we granted, and to dismiss the appeal on the ground it was not timely filed. Because the intervenors' arguments are essentially the same as the state's, we refer only to the state and its arguments.

4

¶7 The procedural history of this case following the entry of that judgment is somewhat muddied. On January 30, without citing any civil procedural rule, Burkhamer filed an "Objection to Defendant's Final Judgment and Order Dismissing Claim." In that document, Burkhamer objected to the judgment on the ground its language "dismissing all [his] claims" was "overbroad" because the trial court supposedly had agreed at the hearing on the state's motion to dismiss that, even though it was dismissing his claim, he could still file a motion to amend the pleadings "to assert a claim as a beneficiary of the claim of Plaintiff Marjorie Surine in her status as the statutory plaintiff for the wrongful death claim." About a week later, Burkhamer also filed a motion to amend the pleadings, seeking permission "to continue his involvement in this case" as a nonparty, statutory beneficiary under Surine's claim and asking for "his damages [to] be considered in any award ultimately determined in this matter."

¶8 The state did not respond to Burkhamer's objection to the judgment but opposed his motion to amend the pleadings, arguing he should not be permitted "to present and assert [his] barred and dismissed claim 'through the back door.'" The trial court then set oral argument on Burkhamer's motion to amend. After the March 20 hearing on that motion,[3] the trial court signed an order that was filed on May 22 denying both Burkhamer's motion to amend and his objection to the judgment. Burkhamer filed his notice of appeal on June 19 from both the January 26 judgment and the May 22 order.

---

[3]Although a court reporter attended that hearing, the record contains no reporter's transcript of it.

**¶9** The state argues Burkhamer's appeal is untimely because it was filed more than thirty days after the trial court's entry of judgment. *See* Ariz. R. Civ. App. P. (ARCAP) 9(a), 17B A.R.S. (requiring notice of appeal to be filed within thirty days after entry of judgment being appealed). In his reply brief, Burkhamer advances multiple, alternative arguments that his appeal was timely.[4] We first address the state's position.

**¶10** Citing ARCAP 9(a), the state argues Burkhamer's notice of appeal "did not come until nearly five months after" the trial court's January 26 judgment, and consequently, "this court lacks jurisdiction to hear the appeal as related to [that] final judgment." The thirty-day filing deadline prescribed in ARCAP 9(a) is extended under certain circumstances specified in ARCAP 9(b), which provides in pertinent part:

> When any of the following motions are timely filed by any party, the time for appeal for all parties is extended, and the times set forth in Rule 9(a) shall be computed from the entry of any of the following orders:
>
> (1) Granting or denying a motion for judgment notwithstanding the verdict pursuant to Ariz. Rules Civ. Proc. 50(b);
>
> (2) Granting or denying a motion to amend or make additional findings of fact pursuant to Ariz. Rules Civ. Proc. 52(b), . . . whether or not granting the motion would alter the judgment;
>
> (3) Granting or denying a motion to alter or amend the judgment pursuant to Ariz. Rules Civ. Proc. 59(l) . . . ;

---

[4]Burkhamer's opening brief does not address this court's jurisdiction at all, therefore failing to comply with the requirement that an appellant briefly state "the basis of the appellate court's jurisdiction." Ariz. R. Civ. App. P. 13(a)(3), 17B A.R.S.

(4) Denying a motion for new trial pursuant to Ariz. Rules Civ. Proc. 59(a) . . . .

¶11     "It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal." *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971); *see also Mayer v. State*, 184 Ariz. 242, 243, 908 P.2d 56, 57 (App. 1995) ("Appellate courts lack jurisdiction to consider appeals that are not timely filed."); *Ariz. Dep't of Econ. Sec. v. Hall*, 120 Ariz. 514, 515, 586 P.2d 1326, 1327 (App. 1978) ("The timely filing of a notice of appeal is jurisdictional, and the time for the filing of a notice of appeal as set forth in ARCAP 9 may not be extended by the Court."), *overruled on other grounds by In re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985); *cf.* Ariz. R. Civ. App. P. 8(a) ("Failure of an appellant to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal . . . .") (emphasis added).

¶12     A series of Arizona Supreme Court cases, which the parties do not address,[5] compel us to find that we lack jurisdiction here. In *Arizona State Liquor Board v. Slonsky*, 106 Ariz. 25, 25, 470 P.2d 106, 106 (1970), the court dismissed the appeal, stating very succinctly:

---

[5]Even had the state and the intervening plaintiffs not challenged this court's jurisdiction, we must independently examine our jurisdiction, including any pertinent authorities relating to that issue. *See Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *Zoellner v. Zoellner*, 4 Ariz. App. 561, 561, 422 P.2d 392, 392 (1967).

> [Former] Rule 73(b) . . . enumerates the motions which extend the time in which the notice of appeal may be filed beyond sixty days from the entry of judgment. A "motion to vacate judgment" is not one of the motions enumerated, hence the filing of such motion does not extend the time.[6]

Burkhamer's January 30 objection to the trial court's judgment entered four days earlier clearly "is not one of the motions enumerated" in ARCAP 9(b). 106 Ariz. at 25, 470 P.2d at 106. Thus, if *Slonsky* still controls, Burkhamer's filing of that objection did not extend his time to appeal from the judgment.

¶13 In several subsequent cases, however, our supreme court has refined *Slonsky*'s rather strict rule by essentially creating several exceptions to it. In *Hegel v. O'Malley Insurance Co.*, 117 Ariz. 411, 411, 573 P.2d 485, 485 (1977), the court addressed the issue of "whether a motion styled 'Motion to Vacate' with a reference to Rule 59(a), [Ariz. R. Civ. P.,] in the text is sufficient to toll the appeal time under [former] Rule 73(b)." The court held that,

> irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) on the grounds set forth in that rule with appropriate reference to the rule as authority for the motion, the motion must be treated as a motion for new trial under Rule 59(a),

thereby "toll[ing] the running of the appeal time." 117 Ariz. at 412, 573 P.2d at 486. In so holding, the court in *Hegel* stated, "[a]ny suggestion to the contrary in *Slonsky* is overruled." 117 Ariz. at 412, 573 P.2d at 486.

---

[6]Former Rule 73(b) essentially mirrored the provisions relating to time-extending motions now found in ARCAP 9. *See* 116 Ariz. XXXII-XXXIII, XLIII-XLIV (1978).

¶14 Next, in *Desmond v. J.W. Hancock Enterprises, Inc.*, 123 Ariz. 474, 475-76, 600 P.2d 1106, 1107-08 (1979), our supreme court concluded that a party's motion for clarification and reconsideration of the trial court's denial of a motion for relief from a judgment of dismissal was properly treated as a time-extending, Rule 59(a) motion for a new trial. The court held the motion "substantially satisfie[d] the requirements enunciated in *Hegel*" because the motion specifically stated it was brought pursuant to Rule 59 and also alleged one of the grounds for relief under Rule 59(a). *Desmond*, 123 Ariz. at 476, 600 P.2d at 1108.

¶15 Finally, in *Farmers Insurance Co. v. Vagnozzi*, 132 Ariz. 219, 221, 644 P.2d 1305, 1307 (1982), our supreme court "reaffirm[ed] the holdings of *Hegel* and *Desmond* that in order for a party to be assured of the time-extending qualities of a motion for new trial, [the party] must both refer to rule 59 as authority for the motion and describe grounds set forth in that rule." The court in *Vagnozzi* further stated:

> *Hegel* and *Desmond* apply to situations in which the trial court has made a ruling on the questioned motion without indication by the trial court of what rule is involved. In such instances the motion, to be considered as one for a new trial, must both refer to rule 59 as authority for the motion and set forth as grounds for the motion those grounds found in rule 59. . . . [T]he trial court may treat a so-called "motion for rehearing" as one under rule 59, and, when the trial court has stated in the record its intention to do so, the motion will also be treated by the appellate courts as one under rule 59(a).

132 Ariz. at 221-22, 644 P.2d at 1307-08.

9

¶16     Neither of the two alternative requirements our supreme court has established was met here. First, Burkhamer's objection neither cited nor otherwise referred to Rule 59, or any of its grounds, or any other civil procedure rule. Therefore, unlike the situation in *Desmond*, we cannot say Burkhamer's objection "substantially satisfies the requirements enunciated in *Hegel*." *Desmond*, 123 Ariz. at 476, 600 P.2d at 1108. Second, although a trial court may treat an undesignated or otherwise deficient motion "as one under rule 59," thereby bestowing the appeal time-extending benefits of ARCAP 9(b), that result hinges on the trial court's having "stated in the record its intention to do so." *Vagnozzi*, 132 Ariz. at 222, 644 P.2d at 1308. Nothing in the record here suggests that the trial court treated Burkhamer's objection to the judgment as one of the time-extending motions prescribed in ARCAP 9(b) or that the court even implicitly, let alone expressly, "inten[ded] to do so." 132 Ariz. at 222, 644 P.2d at 1308.

¶17     Without addressing the foregoing cases, Burkhamer argues, inter alia, his objection to the judgment should "be treated as a Rule 59(l) motion, which extends the time for an appeal until the court rules on the requested amendment."[7] *See* ARCAP 9(b). According to Burkhamer, "[t]he substance of [his] objection was a request that the [trial] court amend or alter the January 26 [judgment] so as to permit him to participate as a

---

[7]Adopting that argument, the dissent would find subject matter jurisdiction exists because Burkhamer's objection to the judgment "could be construed as a Rule 59(*l*) motion" or "could have been treated" as such a motion. Although we do not disagree with those general propositions, unless and until our supreme court says otherwise, the *Vagnozzi* requirements apply, and neither Burkhamer's objection nor the trial court's ruling on it fulfills those prerequisites.

wrongful death beneficiary." Citing *Sanders v. Foley*, 190 Ariz. 182, 945 P.2d 1313 (App. 1997), Burkhamer further argues "justice demands that the objection be treated as a Rule 59(l) motion for purposes of extending the time for an appeal," particularly when "the trial court accept[ed] the objection and the motion to amend, conduct[ed] a hearing, and issu[ed] an order disposing of them." For several reasons, we do not find these arguments persuasive.

¶18 First, as noted above, Burkhamer's objection to the judgment did not cite Rule 59(*l*) or any other rule. Second, although Burkhamer complained in his objection that the trial court's judgment was "overbroad," he did not expressly ask the court to "alter or amend" it. Third, before alternatively arguing in his reply brief that his objection should be treated as a Rule 59(*l*) motion, Burkhamer characterized that filing as a "Rule 58(d)[, Ariz. R. Civ. P., 16 A.R.S., Pt. 2,] objection" to the trial court's proposed judgment. An objection filed pursuant to Rule 58(d), however, does not extend the time for appeal under ARCAP 9(b). Fourth, that the trial court held a hearing on Burkhamer's motion to amend the pleadings and ultimately denied that motion as well as Burkhamer's objection to the judgment does not suggest the court treated that objection as a Rule 59(*l*) motion.

¶19 In addition, Burkhamer's reliance on *Sanders* is misplaced because that case is readily distinguishable. There, after obtaining a jury verdict in his favor, Sanders filed an application for attorney fees with the trial court. 190 Ariz. at 184, 945 P.2d at 1315. The trial court, however, subsequently entered a judgment in favor of Sanders in accordance with the verdict but did not award him attorney fees, mistakenly stating he had not filed an

11

application for fees. *Id*. After Sanders submitted a letter to the trial court, including a copy of the application for fees, the court then awarded Sanders attorney fees in a minute entry and filed an amended judgment that included the attorney fee award. *Id*. at 184-85, 945 P.2d at 1315-16. Thereafter, the Foleys timely filed their notice of appeal from the amended judgment. *Id*. at 185, 945 P.2d at 1316.

¶20 Sanders contended the notice of appeal was untimely because it was filed more than thirty days after entry of the original judgment, which did not include a fee award. *Id*. The Foleys contended their appeal was timely "because the trial court could have treated either Sanders' application for attorneys' fees or his letter . . . as a motion to alter or amend the judgment pursuant to Rule 59(*l*)," which would extend the time allowed for filing the appeal until thirty days after entry of the amended judgment that included the attorney fee award. 190 Ariz. at 185, 945 P.2d at 1316. Division One of this court stated it "agree[d] with the Foleys" and found they had "timely appealed from the entire amended judgment." *Id.* at 185-86, 945 P.2d at 1316-17. But the court based that conclusion on its interpreting the trial court's ultimate ruling on Sanders's attorney fee request "as implicitly vacating the original judgment and authorizing an amended judgment with the amount of the attorneys' fees included." *Id*. at 185, 945 P.2d at 1316. In other words, pursuant to its authority under Rule 59(g), Ariz. R. Civ. P., the trial court "effectively vacated the original judgment." 190 Ariz. at 186, 945 P.2d at 1317.

**¶21** Here, in contrast, the trial court neither vacated nor amended its judgment. Rather, the court's judgment was unchanged and intact when Burkhamer attempted to appeal from it some five months later, without having filed any motion pursuant to Rule 59 or otherwise that would have extended the time for appeal under ARCAP 9(b). Although *Sanders* arguably supports the proposition that a trial court may treat an undesignated filing "as a motion to alter or amend the judgment pursuant to Rule 59(*l*)," 190 Ariz. at 185, 945 P.2d at 1316, nothing in the record suggests that occurred here. In sum, *Sanders* does not help Burkhamer. *See* 1 *Arizona Appellate Handbook* § 3.4.1.2.1, at 3-41 (4th ed. 2006) (construing *Sanders* for proposition that trial court, on its own initiative and within fifteen days after entry of judgment, may implicitly vacate that judgment and authorize entry of new, amended judgment, with time for appeal then commencing from entry of amended judgment).

**¶22** Our dissenting colleague maintains that *Hegel* and its progeny should not control because those cases involved motions for new trial pursuant to Rule 59(a), whereas Burkhamer never sought that relief. In addition, the dissent correctly points out that a Rule 59(a) motion seeks different, and arguably more extreme, recourse than a Rule 59(*l*) motion to alter or amend a judgment. And, although a motion for new trial "shall specify generally the grounds upon which the motion is based," Rule 59(c)(1), Rule 59(*l*) prescribes no such requirement for a motion to alter or amend a judgment.

¶23　　　　These distinctions, however, do not provide a principled basis for limiting *Hegel*, *Desmond*, and *Vagnozzi* to their facts or refusing to apply their broader principles in this context. Although those cases only addressed motions for new trial under Rule 59(a), presumably that is because the procedural facts in those cases only involved such motions. In none of those cases did our supreme court suggest that the requirements it prescribed "for a party to be assured of the time-extending qualities of a motion for new trial" would not apply equally to other motions set forth in ARCAP 9(b). *Vagnozzi*, 132 Ariz. at 221, 644 P.2d at 1307. Nor has any authority been cited to support any such differentiation. In short, differences in the nature or scope of relief sought in a Rule 59(a) motion for new trial vìs-a-vis motions made pursuant to Rule 50(b), Rule 52(b), or Rule 59(*l*) do not materially bear on the controlling question that determines our jurisdiction here: whether the particular filing effectively extends the appeal time under ARCAP 9(b).

¶24　　　　Although a finding of no jurisdiction here might be considered a harsh outcome, absent a legitimate basis for distinguishing or circumventing *Hegel* and its progeny, we are constrained to reach this result.[8] And, even if a finding of jurisdiction were more

---

[8]At oral argument in this court, without citing any authority, Burkhamer contended this court should liberally examine the scope of its jurisdiction and, whenever possible, explore any "reasonable" or "rational" way to find appellate jurisdiction. But we are not faced here with a timely filed or premature notice of appeal that is allegedly deficient or defective, in which case, "fairness demands that 'no mere technical error should prevent the appellate court from reaching the merits of the appeal.'" *Hill v. City of Phoenix*, 193 Ariz. 570, ¶ 10, 975 P.2d 700, 702 (1999), *quoting Hanen v. Willis*, 102 Ariz. 6, 9, 423 P.2d 95, 98 (1967); *see also Schwab v. Ames Constr.*, 207 Ariz. 56, ¶ 11, 83 P.3d 56, 59 (App. 2004) (absent prejudice to appellee, "technical defects or omissions in a notice of appeal are usually not jurisdictional"); *McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 62-63, 945

14

palatable or even preferable, this court is bound by applicable decisions of our supreme court and has no authority to modify or disregard them. *See State v. Smyers*, 207 Ariz. 314, n.4, 86 P.3d 370, 374 n.4 (2004); *Mullin v. Brown*, 210 Ariz. 545, ¶ 14, 115 P.3d 139, 143 (App. 2005). Of course, if our supreme court did not intend the principles that apply to motions for new trial under Rule 59(a) to apply to any other motions for purposes of ARCAP 9(b), it is the appropriate court to draw that distinction.

¶25 We find no merit in Burkhamer's remaining jurisdictional arguments. He alternatively contends his notice of appeal was timely even as to the January 26 judgment because it was filed within thirty days of the trial court's May 22 order, "which is the earliest time at which an entire claim could be said to have been finally adjudicated." Burkhamer posits two separate theories of recovery in this case—first, as a named plaintiff who allegedly had timely and properly filed a notice of claim against the state pursuant to A.R.S. § 12-821.01, and second, "as a statutory beneficiary in the wrongful death action being pursued by [his former wife,] plaintiff Surine." According to Burkhamer, the trial court's January 26 judgment disposed of only the first claim, not the second. Consequently, Burkhamer argues, the trial court's inclusion of Rule 54(b) language in the judgment was premature and

P.2d 372, 373-74 (App. 1997) (because appellants "filed a timely notice of appeal," court would "overlook a technical defect in their notice of appeal that was neither misleading nor prejudicial to the appellee"). Rather, it is the untimely filing of Burkhamer's appeal, not any concerns relating to form or content of his notice of appeal, that divests this court of jurisdiction. *See* ¶ 11, *supra*. Although "the court should strive to resolve an appeal on the merits," that is only possible when "the court of appeals has general subject matter jurisdiction," which is lacking here. *Hill*, 193 Ariz. 570, ¶ 18, 975 P.2d at 704.

ineffective to render that judgment final and appealable, inasmuch as his "entire claim ha[d] not yet been finally adjudicated." Rather, Burkhamer contends, his alternative "theories of liability" were not fully adjudicated until the trial court "finally rejected the second of his theories" in its May 22 order,[9] after which he timely filed his notice of appeal within thirty days, and "[t]he trial court's Rule 54(b) certification could only become effective on that date."

¶26 This argument fails for at least two reasons. First, the trial court's judgment filed on January 26 broadly dismissed with prejudice "all claims asserted by Joseph Burkhamer against the State of Arizona in this matter." The judgment was unqualified and contained no exceptions for possible derivative, nonparty claims. Second, Burkhamer's own objection to the trial court's judgment, in which he claimed the judgment was "overbroad," belies his argument. That objection manifested Burkhamer's valid concern that the judgment, as framed and filed by the trial court, in fact disposed of any and all claims Burkhamer might have had in this action. Thus, the trial court's Rule 54(b) certification was neither premature nor ineffective, but rather, rendered the judgment final and appealable.

¶27 Seeking to avoid this conclusion, Burkhamer points to the Arizona statutes that create and define a wrongful death action and Arizona case law describing such actions.

---

[9]We note that the only "theories of liability" alleged in Burkhamer's complaint were "negligence, gross negligence and recklessness." In addition, the trial court was well aware of Burkhamer's alternative "statutory beneficiary" theory of recovery when it entered its January 26 judgment, inasmuch as Burkhamer had extensively argued that theory in responding to the state's motion to dismiss several weeks before.

Under A.R.S. § 12-612(B), "[e]ither parent may maintain the action for the death of a child." And, as Division One of this court recently explained:

> Arizona Revised Statutes § 12-612 (2003) provides that "*[a]n* action for wrongful death" shall be brought by a statutory plaintiff "for and on behalf of the surviving husband or wife, children or parents." (Emphasis added.) Our courts have consistently construed this to mean that there is "one action for damages with one plaintiff and one judgment." *Begay v. City of Tucson*, 148 Ariz. 505, 508, 715 P.2d 758, 761 (1986); *see also Wilmot v. Wilmot*, 203 Ariz. 565, 569, ¶ 11, 58 P.3d 507, 511 (2002) (same); *Nunez v. Nunez*, 25 Ariz. App. 558, 562, 545 P.2d 69, 73 (1976) (stating "there is 'one action' for damages occasioned by a wrongful death," and there is "but one plaintiff, one of the persons designated by statute"). Because of this, "[f]ollowing a successful action, there is 'one judgment, the proceeds of which are held by the statutory plaintiff as trustee for the persons on whose behalf the suit was brought.'" *Wilmot*, 203 Ariz. at 569, ¶ 12, 58 P.3d at 511 (citation omitted).

*Valder Law Offices v. Keenan Law Firm*, 212 Ariz. 244, ¶ 19, 129 P.3d 966, 972 (App. 2006).

¶28    Thus, as Burkhamer correctly observes, and as the state acknowledges, "in Arizona, there is one wrongful death plaintiff, one wrongful death action, and one judgment on behalf of all [statutory] beneficiaries." Relying on those well-established principles and on his former wife's timely filing of a notice of claim against the state under § 12-821.01 and her continuing status as a statutory, named plaintiff in this case, Burkhamer argues:

> Given that there is but one action for wrongful death, and given that such action for the death of [his daughter] Michelle James has not yet been resolved in its entirety, this court could rule that an entire separate action has not yet been finally

17

adjudicated. Consequently, the court could decide that this appeal is premature, despite the Rule 54(b) certification.

We are not persuaded.

**¶29** Neither Arizona's wrongful death statutes nor case law suggests that a statutory beneficiary such as Burkhamer does not have a separate, cognizable claim, albeit in a single, unified wrongful death action. *See Wilmot*, 203 Ariz. 565, ¶ 11, 58 P.3d at 511 ("The text of the wrongful death statute contemplates that *claims* by all statutory beneficiaries be consolidated in a single action.") (emphasis added). Indeed, as the state points out, "a wrongful death <u>action</u> is made up of the <u>claims</u> of the beneficiaries entitled to bring claims under the statute." *See id*. ¶ 23 (award of damages in wrongful death action requires "examination of each claim"). And, as the court in *Valder Law Offices* observed, "'[s]imply because claims are consolidated in one action, as our statute provides, *it does not follow that the interest[s] of the various beneficiaries are identical* or that damages can be determined *other than by adding the sum* of each beneficiary's separate damages.'" 212 Ariz. 244, ¶ 21, 129 P.3d at 972-73, *quoting Wilmot*, 203 Ariz. 565, ¶ 22, 58 P.3d at 513 (first alteration and emphasis in *Valder Law Offices*); *see also Quinonez v. Andersen*, 144 Ariz. 193, 196, 696 P.2d 1342, 1345 (App. 1984) (although "there is but 'one' plaintiff and 'one' judgment" in wrongful death case, damage "apportionment is based on individual pecuniary loss"; therefore, nothing "prohibits an individual statutory beneficiary from appealing the inadequacy or evidentiary insufficiency of that individual award, regardless of the merits of an award to other statutory beneficiaries").

¶30         In addition, none of the authorities on which Burkhamer relies precludes a trial court in a wrongful death case from disposing of all claims made by a person, whether as a statutory plaintiff or as a nonplaintiff, statutory beneficiary, via a separate, but final, appealable judgment that applies only to that particular claimant. As noted earlier, the trial court's final judgment not only included the requisite finality language of Rule 54(b) but also expressly "dismiss[ed] all claims asserted by Joseph Burkhamer against the State of Arizona in this matter." That judgment, as the state correctly notes, did not leave open the possibility of Burkhamer's "backdoor[ing] his dismissed claim with that of [his former wife] Marjorie Surine," even though he later sought unsuccessfully to do so. Although Burkhamer might have had a cognizable claim as a statutory beneficiary in this action, the trial court's broad judgment encompassed that claim. In short, that judgment was neither premature nor ineffective in dismissing all of Burkhamer's claims in their entirety.

¶31         For these same reasons, we find misplaced Burkhamer's reliance on several cases for the proposition that a trial court's determination pursuant to Rule 54(b) does not make a judgment final and appealable if, in fact, it is premature because it does not dispose of one or more claims in their entirety. *See Musa v. Adrian*, 130 Ariz. 311, 313, 636 P.2d 89, 91 (1981) ("Rule 54(b) language does not make the judgment final and appealable" when judgment disposed of some but not all of plaintiff's legal theories); *McAlister v. Citibank*, 171 Ariz. 207, 211, 829 P.2d 1253, 1257 (App. 1992) (trial court improperly included Rule 54(b) language in "order relating to consequential damages" that "merely

19

eliminated a potential remedy while not disposing of a single claim"); *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 305, 812 P.2d 1119, 1123 (App. 1991) (order dismissing plaintiff's strict liability claim not appealable, despite Rule 54(b) language, when negligence claim remained); *Sizemore v. Farmers Ins. Co.*, 161 Ariz. 564, 567, 779 P.2d 1303, 1306 (App. 1989) (judgment rejecting plaintiffs' request for punitive damages not appealable because such request "is not a separate claim for relief under Rule 54(b)").

¶32 Unlike those cases, however, the trial court's Rule 54(b) judgment here did not merely dispose of one of multiple liability theories (as in *Davis*) or one aspect of the plaintiff's damage claims (as in *McAlister* and *Sizemore*). Rather, the trial court's judgment broadly eliminated any and all claims Burkhamer might have had in this case and, therefore, was "'final' in that it [was] the ultimate disposition of [his] individual claim." *McAlister*, 171 Ariz. at 211, 829 P.2d at 1257; *cf. Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191, 635 P.2d 174, 176 (1981) ("'For the purpose of rule 54(b), multiple claims exist if the factual basis for recovery states a number of different claims that could have been enforced separately,'" and separate claim need not "be entirely distinct from all the other claims in the action" or "arise from a different occurrence or transaction"), *quoting Title Ins. Co. v. Acumen Trading Co.*, 121 Ariz. 525, 526, 591 P.2d 1302, 1303 (1979). We further note that Burkhamer did not challenge on appeal the trial court's inclusion of Rule 54(b) language in the judgment, nor is this a situation in which an appellate court likely would

have to decide the same issues more than once in subsequent appeals. *See Cont'l Cas.*, 130 Ariz. at 191, 635 P.2d at 176.

**¶33**　　　Burkhamer also argues the trial court's January 26 judgment "could not be deemed final and appealable until the court ruled on [his] timely-filed Rule 58(d) objection." Because he timely lodged an objection to the proposed judgment pursuant to Rule 58(d), Burkhamer argues, the judgment "could not be signed or finalized until the objection was ruled upon."[10] Burkhamer alleges that after receiving the state's proposed form of judgment, he prepared and mailed his objection. The objection, however, was not filed until January 30, and in the interim, the trial court signed and filed its judgment on January 26, apparently before it received or considered Burkhamer's objection.

**¶34**　　　According to Burkhamer, "[a]n order signed before disposition of a timely-filed Rule 58(d) objection cannot be final for appellate purposes when the objection relates to whether the party has additional theories that would permit continued participation in the action." Therefore, Burkhamer further argues, "the earliest date the time for appeal could have been triggered" was when the trial court denied his objection to the judgment on May 22. We first note that Rule 58(d)(1) does not apply to a judgment "that all relief be denied," such as the judgment entered against Burkhamer here. But, even assuming any violations

_____

[10]Rule 58(d)(1), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, provides in part that "a judgment other than . . . that all relief be denied . . . shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel." Subsection (d)(2) states that if the opposing party objects to the proposed judgment within the time frame allowed, "the matter shall thereafter be presented to the court for determination."

or irregularities relating to Rule 58(d) occurred below, the time and place for Burkhamer to seek any recourse on those were in the trial court. Moreover, Burkhamer did not raise as an issue in his opening brief the trial court's alleged noncompliance with Rule 58(d) and thereby waived the issue. *See Van Loan v. Van Loan*, 116 Ariz. 272, 274, 569 P.2d 214, 216 (1977) (arguments raised for first time on appeal are waived); *see also Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, ¶ 11, 57 P.3d 726, 728 (App. 2002) (challenges to procedures waived if not raised in trial court). In other words, any procedural complaints about the timing or entry of the trial court's judgment should have been raised below and have no bearing on the question of this court's jurisdiction now.

¶35 Finally, although Burkhamer timely filed his notice of appeal within thirty days after the trial court's May 22 order denying his objection to the judgment and his motion to amend the pleadings, that order is not appealable. *See* A.R.S. § 12-2101; *Dollar A Day Rent A Car Sys., Inc. v. Superior Court*, 107 Ariz. 87, 89, 482 P.2d 454, 456 (1971) ("Denial of a motion to amend complaint is not an appealable order."); *see also In re Marriage of Dorman*, 198 Ariz. 298, ¶ 3, 9 P.3d 329, 331 (App. 2000) ("To be appealable, a special order after judgment must raise different issues than those that would be raised by appealing the underlying judgment."). Absent jurisdiction, we do not address Burkhamer's arguments that the trial court erred in denying his motion to amend the complaint or caption, filed pursuant to Rule 15, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, "to reflect that plaintiff Surine

22

was bringing the action on behalf of all statutory beneficiaries," including him, and to add a new defendant. For all of the reasons set forth above, this appeal is dismissed.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge

V Á S Q U E Z, Judge, dissenting.

¶36      I agree with the majority regarding Burkhamer's other jurisdictional arguments, but unlike my colleagues, I believe the trial court could have properly construed Burkhamer's "Objection to Defendant's Final Judgment and Order Dismissing Claim" as a motion to alter or amend the judgment pursuant to Rule 59(*l*), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, thereby extending the time for him to file his notice of appeal.

¶37      I, of course, agree that this court is bound by applicable decisions of our supreme court and lacks authority to disregard them. However, I disagree with the majority's view that *Farmers Insurance Co. v. Vagnozzi*, 132 Ariz. 219, 644 P.2d 1305 (1982); *Desmond v. J.W. Hancock Enterprises, Inc.*, 123 Ariz. 474, 600 P.2d 1106 (1979); *Hegel v. O'Malley Insurance Co.*, 117 Ariz. 411, 573 P.2d 485 (1977); and *Arizona State Liquor Board v. Slonsky*, 106 Ariz. 25, 470 P.2d 106 (1970), control this case and mandate a conclusion that we lack jurisdiction to decide this appeal on the merits.

**¶38** First, I believe *Slonsky*'s holding was essentially gutted and not merely "refined" by *Hegel*, as the majority suggests. In *Slonsky*, the court held that a particular motion did not extend the time in which a notice of appeal may be filed because it was not enumerated as a time-extending motion under the relevant rule. 106 Ariz. at 25, 470 P.2d at 106. But, in *Hegel*, the supreme court "overruled" any "suggestion" in *Slonsky* that only the title of a motion must be considered. 117 Ariz. at 412, 573 P.2d at 486. Thus, it does not appear that there is much, if anything, left of *Slonsky* after *Hegel*.

**¶39** Second, *Hegel*, *Desmond*, and *Vagnozzi* are factually and procedurally distinguishable from this case and do not compel the result reached by the majority. All three of these cases specifically addressed the issue of whether a party's motion should have been treated as a motion for new trial under Rule 59(a), Ariz. R. Civ. P. They do not address the issue presented here, which is whether a party's filing could have been treated as a Rule 59(*l*) motion to alter or amend the judgment. Unlike the majority, I believe that distinction alone provides sufficient basis for limiting *Hegel*, *Desmond*, and *Vagnozzi* to their facts and declining to apply them in this case.

**¶40** And I do not believe that a Rule 59(*l*) motion must comply with the same specificity requirements as a Rule 59(a) motion, even though they are both subparts of the same rule, because the scope of the remedies associated with new trial motions and motions to alter or amend the judgment is so different. The rule itself supplies the necessary distinction. Rule 59(a) provides: "A verdict, decision or judgment may be vacated and a

new trial granted on motion of the aggrieved party for any of the following causes," such as newly discovered evidence, accident or surprise, and misconduct of the jury or prevailing party. The granting of a Rule 59(a) motion for new trial results in a new trial after the entire judgment has been vacated. Rule 59(*l*), in contrast, provides only for altering or amending a judgment, clearly a less extreme remedy than vacating a judgment and granting a new trial. *See also Maganas v. Northroup*, 112 Ariz. 46, 48, 537 P.2d 595, 597 (1975) (noting that "Rule 59(*l*) refers only to a motion to alter or amend a judgment" while "[t]he grounds for vacation of a judgment are set forth in . . . Rule 59(a)"). Furthermore, Rule 59(c),[11] which

---

[11]Rule 59(c), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, provides:

> 1. The motion for new trial shall be in writing, shall specify generally the grounds upon which the motion is based, and may be amended at any time before it is ruled upon by the court.

> 2. Upon the general ground that the court erred in admitting or rejecting evidence, the court shall review all rulings during the trial upon objections to evidence.

> 3. Upon the general ground that the court erred in charging the jury and in refusing instructions requested, the court shall review the charge and the rulings refusing an instruction requested.

> 4. Upon the general ground that the verdict, decision, findings of fact, or judgment is not justified by the evidence, the court shall review the sufficiency of the evidence.

describes the required contents of a new trial motion, does not even mention, let alone require, the same contents for a motion to amend a judgment.[12]

¶41        The majority acknowledges that *Sanders v. Foley*, 190 Ariz. 182, 185, 945 P.2d 1313, 1316 (App. 1997), the case upon which Burkhamer relies, "arguably supports the proposition that a trial court may treat an undesignated filing 'as a motion to alter or amend the judgment pursuant to Rule 59(*l*)'" despite being factually distinguishable. However, the majority further states that "nothing in the record suggests that occurred here." I disagree with that proposition. Although the court did not explain how it was treating Burkhamer's objection, the fact that it did not dismiss the objection outright as being untimely or procedurally improper supports an inference that the court decided the objection on its merits.

¶42        Finally, I believe the majority unnecessarily emphasizes form over substance in faulting Burkhamer's objection for his failure to cite Rule 59(*l*) and expressly ask the trial court to "alter or amend" its judgment. The rules of civil procedure are intended "to insure that every action receives a just, speedy and inexpensive determination." *Hegel*, 117 Ariz. at 412, 573 P.2d at 486. To that end, courts may not "ignore the obvious intent and substance of a motion because it was inappropriately titled." *Id.* Burkhamer's objection to

---

[12]Unlike the special requirements imposed by Rule 59(c) and case law for Rule 59(a) new trial motions, the supreme court has promulgated no such requirements of specificity for the other two time-extending motions:  Rule 50(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, motions for judgments notwithstanding the verdict or Rule 52(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, motions to amend or make additional findings of fact.

the judgment as being "overbroad" essentially sought the relief afforded by Rule 59(*l*), to alter or amend the judgment. Any errors in the procedure by which Burkhamer presented his objection, or in the manner in which the trial court handled the objection, are "harmless and non-prejudicial." *Hill v. City of Phoenix*, 193 Ariz. 570, ¶ 10, 975 P.2d 700, 702 (1999) ("[A]n overriding purpose of the Rules of Civil Procedure is to dispose of cases on the merits where errors in procedure can be characterized as harmless and non-prejudicial.").

**¶43**     Thus, I would conclude that, because Burkhamer had filed what could be construed as a Rule 59(*l*) motion, his appeal filed less than thirty days after the court's denial of that motion was timely. *See* Ariz. R. Civ. App. P. 9(b)(3), 17B A.R.S. (providing that time for appeal is computed from date of entry of order disposing of Rule 59(*l*) motion); *Performance Funding, LLC v. Barcon Corp.*, 197 Ariz. 286, n.1, 3 P.3d 1206, 1207-08 n.1 (App. 2000) (motion to amend judgment extended time to appeal until thirty days after court ruled on it). I would therefore find that we have jurisdiction over this appeal and would reach its merits.

 

_____
GARYE L. VÁSQUEZ, Judge

27