NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAVIER MURRIETA, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendant/Appellee.*

No. 1 CA-CV 24-0395

FILED 09-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-010731
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Adelayo Law Firm PLLC, Phoenix
By Bamidele Adelayo
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer Rethemeier
*Counsel for Defendant/Appellee State*

Broening Oberg Woods & Wilson PC, Phoenix
By Sarah L. Barnes, Kelley M. Jancaitis
*Counsel for Defendant/Appellee NaphCare*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

¶1 Javier Murrieta appeals the superior court's denial of his motion for a new trial under Arizona Rule of Civil Procedure ("Rule") 59, which sought reconsideration of its denial of his petition for pre-suit discovery under Rule 27. We affirm the court's denial of Murrieta's Rule 59 motion for new trial.

## FACTS AND PROCEDURAL HISTORY

### A. Murrieta Claims He Is Ill and Files a Verified Petition Under Rule 27 for Pre-Suit Discovery for an IME.

¶2 Murrieta is an inmate at the Arizona State Prison Lewis Complex, which is managed by Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR"). He alleges he has been "suffering from ongoing abdominal pain and other gastrointestinal medical illnesses." Murrieta has sought care through NaphCare, ADCRR's contracted healthcare provider.

¶3 In August 2023, Murrieta petitioned the superior court under Rule 27 for medical records and an independent medical examination ("IME"), so he could file actions under 42 U.S.C. § 1983 and A.R.S. § 31-201.01 for "the unnecessary and wanton infliction of pain." Murrieta alleges ADCRR and NaphCare have refused to provide him adequate medical care. He alleges he "is unable to proceed further in the evaluation of the viability of a potential action to obtain appropriate treatment in the absence of discovery." Further, he states he "requires his complete medical file and [an IME] in order to obtain a preliminary medical expert affidavit pursuant to A.R.S. § 12-2603 as necessary to file or maintain an action." He claims he "requires medical and administrative records to establish that he has exhausted his available administrative remedies." Murrieta alleges his "condition is becoming progressively worse and without adequate medical treatment it is expected to substantially shorten his life expectancy."

2

**¶4** He requested the superior court set an accelerated hearing and issue a subpoena under Rule 45 allowing him to obtain discovery of documents and records. Lastly, Murrieta asked the court to issue an order under Rule 35 directing the State "to produce him to a third party for [IMEs] and tests."

> **B.** **The Court Holds a Show Cause Hearing, Murrieta Withdraws the Request for Medical Records, and the Court Denies the Petition as to Both the IME and Records.**

**¶5** In September 2023, the court held a hearing on Murrieta's petition. It began by questioning how Murrieta's requests fell under Rule 27—that the requested materials needed to be preserved before they were unavailable. The court allowed that the request for an IME might fall under Rule 27 but questioned whether Murrieta justified that request.

**¶6** Murrieta withdrew his request for records but argued he should be permitted an IME. He argued the court should allow the IME because the Arizona district court "has said that NaphCare has provided unconstitutional inadequate medical treatment to inmates." Murrieta contended some of the records provided by it were inadequate. He argued relief under Rule 27 was proper because it "allows . . . [him] to be able to develop a basis for litigation."

**¶7** In response, the State argued Rule 27 was not the proper vehicle for the remedies sought by Murrieta, as "he needs to bring a complaint." The State argued Murrieta: could seek an IME under Rule 35 after filing suit; is not required to obtain an expert's opinion before filing suit; and did not meet Rule 27's or Rule 35's requirements for physical and mental examinations.

**¶8** NaphCare argued that if the court granted this petition, "[it] would open floodgates like you've never seen. Every single inmate would be coming to state court and saying I need an IME." NaphCare argued Murrieta should instead bring the records he has to an expert to determine if he isn't properly being treated and have that expert execute any preliminary affidavit he claims he needs.

**¶9** On September 6, 2023, the court denied Murrieta's petition. The court denied his request for records because Murrieta (1) withdrew the request orally at the hearing, (2) did not demonstrate the lack of other means to obtain the records, and (3) showed no risk they would be destroyed. The court denied the request for an IME as there was no

"showing that the evidence that is sought is [in] danger of being lost by delay."

¶10  Murrieta attached with a motion filed in this court the transcript of the order to show cause hearing. The parties refer to the hearing and transcript in their briefing without objection. We treat these uses of the transcript as a stipulated request to supplement the record with the transcript, which we grant. *See* ARCAP 11(g)(1).

### C. The Court Denies Murrieta's Motion for a New Trial.

¶11  Arguing the court applied the wrong legal standard, Murrieta moved for a new trial under Rule 59(a)(1)(F), (G), (H), and (2). Murrieta argued the court should have followed cases under Federal Rule of Civil Procedure 27, and found: (1) he sufficiently explained what the anticipated testimony would show; (2) he cannot file a notice of claim he contends he must before filing suit because he cannot exhaust his administrative remedies and cannot secure a medical affidavit; and (3) evidence establishing his medical condition will be lost without an IME, and that his condition was worsening.

¶12  The State and NaphCare argued Murrieta's motion merely reasserted arguments he already made. NaphCare argued Murrieta waived his federal law arguments, distinguished his federal authorities, and asserted Murrietta had "presented no evidence he is dying."

¶13  On April 12, 2024, the court denied the Rule 59 motion, finding no ground existed for a new trial, as Rule 59's "purpose . . . is to address . . . issues of inequity or error in a prior hearing, which do not exist in this case." The court agreed the motion "simply re-asserted the claims that were made in his Rule 27 hearing, which the [c]ourt already denied."

¶14  On May 1, 2024, Murrieta appealed "all orders, rulings, and judgments entered by the honorable Judge Bradley Astrowsky . . . on April 12, 2024." In June 2025, he filed an amended notice of appeal, omitting the April 12 date, apparently intending to reach back before the April 2024 denial of his Rule 59 motion to the denial of his petition in September 2023.

## DISCUSSION

### I. We Lack Jurisdiction Over the Denial of Murrieta's Rule 27 Petition But Have Jurisdiction Over the Denial of His Rule 59 Motion.

**¶15** Murrieta argues we have jurisdiction over the September 2023 denial of his Rule 27 petition by virtue of his June 2025 amended notice of appeal. The State and NaphCare argue Murrieta's original notice of appeal limited this appeal to the April 2024 denial of Murrieta's Rule 59 motion. The State and NaphCare are right.

**¶16** To create appellate jurisdiction, a notice of appeal must be filed "no later than 30 days after entry of the judgment from which the appeal is taken." ARCAP 9(a); *see also James v. State*, 215 Ariz. 182, 185 ¶ 11 (App. 2007) (collecting cases). Murrieta's amended notice of appeal, filed 21 months after the denial of his Rule 27 petition, is untimely. We lack jurisdiction to review the judgment denying the Rule 27 petition. *In re Marriage of Thorn*, 235 Ariz. 216, 218-19 ¶¶ 5-10 (App. 2014) (holding we lack jurisdiction where amended notice of appeal is untimely).

**¶17** Murrieta's amended notice also doesn't aid him, because an appellant may only amend their notice of appeal in accordance with ARCAP 9(e), which states an amended notice of appeal may be filed if the superior court rules on a motion listed in ARCAP 9(e)(1). Murrieta points to no judgment disposing of a motion in the superior court that would have permitted him to amend his notice of appeal under ARCAP 9(e)(3).

**¶18** Despite that, we have jurisdiction over the denial of Murrietta's motion for new trial, because his May 1, 2024 notice of appeal of the April 12, 2024 denial was timely. Ariz. Const. art 6, § 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(5)(a).

### II. The Court Did Not Err by Denying Murrieta's Rule 59 Motion for New Trial.

**¶19** Murrieta contends the court erred by denying his motion for new trial under Rule 59(a)(1)(F), (G), (H), and (2). We review the denial of a Rule 59 motion for new trial for an abuse of discretion. *Paz v. City of Tucson*, 256 Ariz. 391, 396 ¶ 16 (App. 2023) (citations omitted). A court abuses its discretion where its judgment is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City of Tucson*, 132 Ariz. 35, 37 (App. 1982). For the reasons stated below, Murrieta has not shown an abuse of discretion.

## A. The Court Did Not Err by Denying the Rule 27 Petition.

¶20 Murrieta asserts the superior court abused its discretion by determining he did not need the IME to sue the State or NaphCare. The State and NaphCare argue the court did not err because Murietta did not demonstrate he could not bring a claim without an IME or that a delay in justice would occur. The State and NaphCare are correct.

¶21 *First*, Arizona's claim statute does not apply to Murrieta's potential Section 1983 claim, which is a creature of federal law. *See Morgan v. City of Phoenix*, 162 Ariz. 581, 584 (App. 1989) (holding plaintiff's Section 1983 claim not subject to Arizona's notice of claim statute); *Crook v. Ryan*, No. CV-15-02610-PHC-JAT(ESW), 2017 WL 744423, at *2 (D. Ariz. Feb. 27, 2017) (finding A.R.S. § 12-2603 is not applicable to Section 1983 claims); *see also Felder v. Casey*, 487 U.S. 131, 152 (1988) (holding state notice of claim statutes cannot bar federal claim that is otherwise proper to assert).

¶22 *Second*, Murrieta contends he cannot bring his Section 1983 claim because he "requires an [IME] to effectively participate in the ADCRR administrative grievance process." He is correct that the Prison Litigation Reform Act, 42 U.S.C. § 1997, requires him to exhaust ADCRR administrative remedies before he may bring a claim. *See* 42 U.S.C. § 1997e(a). But Murrieta does not explain why his medical records are insufficient and keep him from engaging in the administrative grievance process. *See City of Phoenix v. Peterson*, 11 Ariz. App. 136, 141 (1969) (Rule 27 should not be "used to discover a cause of action and frame [the] original complaint." (cleaned up)).

¶23 *Third*, even if one assumes Murrieta sought to bring a state court claim (even though on appeal he only claims to be contemplating a Section 1983 claim), Murrieta only conclusorily asserts an IME is necessary. He does not explain why the information he already has is insufficient to seek an expert affidavit. He merely argues that the Arizona district court previously found "NaphCare . . . [had been] systemically failing to keep adequate medical records and provide constitutionally inadequate medical treatment," an argument raised at the hearing. That general statement does not relieve Murrieta of the burden to show what specific deficiencies in his records an IME would cure. It thus fails to establish an abuse of discretion in denying him a pre-suit IME.

¶24 For these reasons, we cannot say the court abused its discretion by finding that no delay in justice would result from the denial of the Rule 27 petition.

### B. Murrieta's Argument Concerning Federal Rule of Civil Procedure 27 Suggests No Abuse of Discretion.

¶25        Murrieta contends the denial of the Rule 59 motion was error because the court applied the law incorrectly when denying his Rule 27 petition.  Specifically, Murrieta argued the court should have relied on federal caselaw interpreting Rule 27's federal analog, Federal Rule of Civil Procedure 27.  We disagree.

¶26        Murrieta's Rule 59 motion contended the court should have relied on federal caselaw which provides three elements for a Rule 27 petition to be granted.  *See Arizona v. California*, 292 U.S. 341, 347-48 (1934) (holding petitioner must (1) provide an explanation of what they anticipate from the discovery, (2) demonstrate in good faith they expect to bring a cognizable claim but presently cannot, and (3) make a showing that without ruling evidence will be lost).  Although it did not mechanically apply the elements for Rule 27's federal analog, the superior court correctly applied the Rule 27 standard—whether failing to preserve evidence "may prevent a failure or delay of justice"—and considered factors similar to those in federal caselaw, including whether Murrieta could presently bring a claim and if there were other means to obtain the requested evidence.  *See* Ariz. R. Civ. P. 27(a)(5)(A).  Accordingly, the superior court did not run afoul of federal case law through its ruling.  And in any event, despite the relevance of analogies to comparable federal rules of procedure, the superior court was not required to apply federal caselaw.  *See State v. Gunnison*, 127 Ariz. 110, 112 (1980) (stating federal law is persuasive in procedural matters).

## CONCLUSION

¶27        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR

7